Ruffin, Chief Justice,
after stating the case as above proceeded as follows: — The instruction prayed on behalf of the prisoner does not specify on which of the two issues he demanded a verdict in his favour. From the nature” of the instruction, and referring to the evidence to which it relates, it would seem to be necessarily confined to the plea to the fe- *100 ]ony; if so, the question which has,been debated, upon the effect of the former indictment and the proceedings on it, as mentioned in the other plea, does not arise upon this record. But as all the matters were treated at the bar as open, and were fully argued on both sides, the Court is not inclined to preclude the prisoner from any advantage he may possibly be entitled to; and therefore has considered the whole case. It has been insisted that the judgment must be reversed for several distinct reasons.
The first is, that the record set forth in the plea, of autre-fois acquit, sustains that plea, the identity of the persons and transactions being assumed, and that is not disputed here.
In the first indictment, the prisoner was charged in, one count, with a felonious assault and committing a rapé — of which he was acquitted; and in the second count, with an assault, with intent to commit a rape, of which he was found guilty: but no judgment was pronounced thereon, because for the want of the word felonice, the offence was a misdemeanor, and of that the Superior Court had not jurisdiction! The prisoners counsel rests his case on the verdict and judgment given on the first count, and claims to confine' our attention to that part of the former proceedings, denying an operation, for any purpose, to the other part of the proceedings.
If indeed it w,ere true, that upon an indictment for a rape, the jury might find the accused not guilty of the rape, but guilty of an assault with intent to commit a rape, and consequently, that a general acquittal upon such an indictment, would be a bar to a subsequent prosecution for, specifically, an assault with that intent, the Court would yet not be prepared, in this case to admit without much hesitancy, the conclusion necessary to the prisoner. The reason would not seem applicable to an indictment with two counts, in which the two grades of offence, and the facts necessary to constitute them are separately charged as distinct crimes, and the verdict expressly discriminates between them ; finding the prisoner guilty of the assault, as charged in one count; but not of the rape, as charged in the other. It would seem to be the duty of the Court to make the verdict consistent with itself if possible. Perhaps it might there *101 fore, if necessary for that purpose, be deemed a conviction of the assault of which the prisoner could be convicted on the first count, notwithstanding the general terms of finding •the prisoner not guilty of the premises charged on that count; because the verdict expressly and affirmatively finds the party guilty of an assault. But if that would not be justifiable, it is plain, that the verdict cannot be perverted into an acquittal of the assault, contrary to its explicit purport. If not a conviction to that extent in both counts, it would in itself be repugnant — since upon the one count,' it affirms the prisoner to be guilty of an assault, of which same assault, it at the same time affirms him to be not guilty upon the other. In such a case there could not be a judgment of acquittal; but only such proceedings as ensue in other cases of insensible verdicts.
The position of the counsel upon this point is, therefore, in opposition to the judgment of this Court upon the very case of this prisoner, when it was before us on the first indictment. (See ante, 2 vol. p. 297.) The judgment of acquittal on the first count, was then affirmed; and the judgment was arrested on the second count because that was regarded as charging a distinct offence, which was not charged in the former, or of which the prisoner could not be convicted on that count. But as the validity of the verdict in this respect was not then discussed, nor even adverted to at the b^r, nor by ourselves, the Court will now proceed to enquire whether the prisoner was before acquitted of the crime, of which the present indictment accuses him. This will be done inde-pendantly of the authority of the adjudication of ourselves, just alluded to, and also, with reference only to that part of the first verdict which acquitted the prisoner on- the first count of that indictment, and without noticing the fact, that the indictment contains more than that count.
The affirmative is asserted for the prisoner, because it is said that he might have been convicted of the assault on that count. In the opinion of the Court that is the legal criterion. The nature of the evidence does not seem to be an infallible test. It is true, to use the words of Mr. Justice Buller, “ if crimes are so distinct that evidence of the •one will not support ” (a charge of) “ the other, it is as incon *102 sistent with reason, as it is repugnant to the rules of law, to say, that they are so far thé same, that an acquittal of the one a ^ar to a prosecution for the other.” That two crimes must be proved by different evidence does certainly constitute them distinct and different crimes, of both of which, the same person maybe guilty, and for both of which therefore he may be prosecuted concurrently or successively. The difference of evidence conclusively establishes the distinctness of the accusations; the guilt in the one case, is in-dependant of guilt or innocence in the other. But it does not follow econverso, that two indictments are identical in their accusations, although the same evidence may be legally competent and sufficient to sustain each — and particularly is this true where the one charges an act done, as constituting the crime, and the other charges an intent to do that act as constituting also a crime. Two species of offences may have several circumstances in common ? but to constitute either offence, some other circumstance is to be added ;' and' that may be a circumstance peculiar to each and when added as a fact alledged in the record, constitutes each offences a different one from the other. Yet it is obvious that the allegation of the distinguishing fact, in the one indictment, may be sustained in the minds of the jury as a rational inference from proof on the trial of the facts laid in the other indictment.
Thus, although an assault with intent to murder, and an assault with intent to maim or disfigure are different offences, and evidence to sustain an accusation of the latter, would not establish the former, yet it was held in Coke and Woodburn’s case, that an attack with intent to murder, with an instrument which could not but endanger the disfiguring would, where death did not ensue, authorise a verdict, under the Coventry act, that the prisoners were guilty of an assault with intent to disfigure. If the intent was only to maim, evidence of that intention would not prove an intent to murder — which is a distinct and further intent requiring further evidence. Of consequence an acquittal upon an indictment for an assault with either intent would not bar a subsequent one for an assault with the other intent. Yet we find, as to the proof, that evidence of the intent to murder involves the *103 evidence of intent to maim, if the mode of the murder involves the mode of maiming mentioned in the statute. The manner of the act, in that case was evidence of both intents and therefore each intent may be deduced from proof of the act, although each intent constitutes the act a different of-fence, and they are accordingly charged specifically different in the indictments respectively. So too in the case of burglary; which is defined to be breaking and entering a dwelling house in the night time, and stealing goods therein, or breaking and entering a dwelling house in the nighttime with intent to commit a felony. Now in the case of Vandercomb v. Abbott, Leach, Cr. Cas. 708, it was held, that evidence of a breaking and entering with intent to steal goods was not sufficient to support an indictment charging the breaking, entering and larceny, — the same rule is laid down in Rex v. Furnival, Russ. & Ry. Cr. Cas., 445. It is usual'indeed not to charge the larceny although actually committed ; because the intent to commit it constitutes the crime, or at least one species of it, and the charge of thé intent may be supported by any evidence sufficiently denoting it, although short of an actual larceny, and is fully supported by proof of the stealing. The perpetration of the felony is indeed the usual proof of the intent. Locost and Villar’s case, Kel. 30, and it is even said to be the best evidence of it. Arch. Cr. Plea, 260. It is not therefore sufficient to make adjudgment, on one indictment, a bar to another, that evidence o'f the facts alleged in the first would also be evidence of the facts alleged in the latter; for in ® the case of Vandercomb and Abbott, the Court held — notwithstanding the proof of stealing is evidence of the intent to steal — that an acquittal upon an indictment for the burglary and stealing the goods, was not good as a plea to a second indictment, for the burglary with intent to steal. Why ? Because upon the first indictment, the prisoner could not *• A have been convicted by proof of an intent to steal, but only on proof of an actual stealing. He had therefore, been acquitted only of not having stolen, but'had not been acquitted of, nor charged with purely an intent to steal; which intent was itself one species of burglary, and might have been entertained, although never carried into *104 Mr. Justice Bulleu in delivering the opinion of the Court in that case, therefore lays down the principle in these words; “ that unless the first indictment were, such as the prisoner might-have been convicted upon by proof of the facts contained in the second indictment, an acquittal on the first can be no bar to the second.” In other words, we are to inquire whether the facts alleged, in the two indictments, are actually or legally the same: if they be, the accused cannot be a second time put on trial — if they be not, he is tried but once on the same accusation.
It is not to^nak^a judgment dictment a ther\hat°' of alleged in ttiG fir«t wctuidYlso ^ fhel'acts As an ac-' on'.an'in?" dictment foj* the bur-giary and noTalfar'3 ¡£¿-cs“°”^ for the bur-^th
An acquittal upon a former indictment can be no bar to a second unless the former were such as the prisoner might have been convicted upon, by proof of the facts contained in the second.
The principle thus deduced, seems to the Court to be de-. cisive against the plea of the prisoner. The comparison of the present indictment with the first count in the former indictment displays at once such marked differences between them as to render it palpable, that the frame of neither would admit of a conviction on it of the offence charged in the other. The facts contained in the first indictment fall short, in some essential respects, of those indisputably requisite to constitute the crime in the second indictment. So likewise of the facts laid in the second indictment, if true throughout, they would not make up ■ the crime specified in the first indictment.
First, both the crime of rape, and that of an assault with intent to commit a rape, are felonies created by statute. But they owe their existence to different statutes; the former to the statute of Westminster, 2nd, and the latter, to the statute of this state of 1823. (See 1 Rev. stat. c. 111, sec. 78.) The conclusion of an indictment under each must be contra formara statuti.; and the first count of the former indictment did so conclude. Now admitting that upon that count, the jury might have acquitted the prisoner of a rape, and convicted him of an assault with intent to commit a rape, if this last had been a common law felony, yet we think it certain that he could not be so convicted of that of-fence when made a felony by another statute. - The reason upon which a reference to the statute is held necessary at all, is in direct opposition to such a conviction. The object is to inform the accused and the Court of the particular law-under which the indictment is formed ; and to prevent sur-prisé on either the Court or the accused, very nice distinct *105 ions have been adopted establishing the necessity of con-eluding contra formam statuti vel statutorum according to the truth, when the offence depends upon one statute or upon two or more statutes. The object then is to specify with certainty on the record, the very law which created the crime for which the prosecution is instituted. This is indeed done in the general terms of the conclusion contra formam statuti, without identifying the statute by its title or date. But the indictment furnishes, or ought to furnish other as sure means of identifying it; by laying, namely, such facts and circumstances in the indictment as constitute the offence within a particular statute, and thus bringing the case within that statute. Under what statute the indictment is framed may be determined, and therefore is to be determined, by the facts and circumstances alleged ^in the indictment as constituting the offence, or giving color or degree to it. An indictment concluding against the form of the statute, cannot be treated as an indictment founded upon two statutes. There is no better reason why it should be received as an indictment founded on the one or the other statute, according to the evidence on the trial. The tenor of the indictment, shows on which statute it proceeds; and not the proof on the trial. In the case before us, the first indictment charged the crime of rape and concluded against the form of the statute. What statute? Certainly that statute which renders rape a'capital felony; and not the statute-which makes an assault with intent to commit a rape, a felony. That statute is meant which makes the facts and circumstances charged in the indictment a specific offence ; and not another statute which creates an offence which may be described, and therefore ought to be described, by terms which constitute it specifically a different offence, though it be of the same grade with the former. For these reasons, the first count in the former indictment could not in the opinion of the Court, be deemed an indictment under the statue of 1823; and consequently the prisoner, if a white person, could not have been convicted on it, if the offence created by that statute, that is to say, of an assault with intent to commit a rape — which is the crime with which he now stands charged. No authority was cited by the prisoner’s counsel in support of his position except an adjudication in *106 Massachusetts—Commonwealth v. Cooper, 15, Mass. Rep. 187. That was an indictment for a rape, and the jury, after ^onS consultation, not agreeing upon a verdict, wei’e instructed by the Court, that they might acquit the prisoner of the rape, and convict him of an assault with intent to commit it. As an authority, the case is open to the observations, that the decision was off-hand, in the midst of a protracted trial, without argument, and without precedent; and that it might be perhaps justified by local legislation, of which we are uninformed. But there is a more decisive answer to it, in the fact that, upon reconsideration in a full court in the subsequent case of Roby, 12 Pick. Rep. 496, the doctrine is expressly overruled in that state.
Secondly. There are other ingredients in the offence created by the act of 1823, which were not charged in the first indictment, and without the existence of which, apparent on the record, the prisoner could not be convicted under that act. Rape is a capita] felony, if committed by any person, white or black; and accordingly the first count charged it in that general form, without describing the prisoner as a person of colour, or the woman as h white woman. It is not so with respect to an assault with intent to commit a rape. That is a capital felony only where the actor is a person of color, and the subject a white female. As those facts were not necessary to constitute the rape, and wrere not charged in the first count of the former indictment the prisoner could not have been convicted on that indictment, of the assault.
But independant of these two particular objections, a complete answer to the plea is furnished, thirdly, by the more general principle before adverted to, that an indictment for doing a criminal act, is not supported by proof of an intent to do that act, although the intention to perpetrate, and the perpetration be each a crime, and of the same grade. To this position, the case of Vandercomb v. Abbot, is a direct authority; as> it is also to the consequence necessarily deducible from it, that an acquittal upon an indictment charging the doing of an act, is not a bar to an indictment charging the intent to do it.
In the more recent case of Rex v. Furnival, Russ. and *107 Ry. Cra. Cas. 445, it was again decided,, that where an indictment for burglariously breaking and entering^ dwelling house, and then and there stealing goods therein, omitted to state the intent, the defendant might be convicted if the larceny were proved, hut not otherwise. Those were cases of burglary it is true, but they are equally applicable to the question before us, since they proceed on the ground, that although the dwelling house in which, and the time when the burglary was charged to have been committed, were precisely the same, both in the indictment for the burglary and stealing the goods, and in the indictment for the burglary with intent to steal the goods, yet that the difference between the charge of stealing in the one, and that of the intent to steal in the other, constituted the indictments essentially distinct and dissimilar. . In strict analogy to that is the case of two indictments — the one for an assault and a rape consummated; and the other, for an assault with intent to commit a rape.'
The Court, for each of the foregoing reasons is of opinion that the first plea of the prisoner is bad, and that he might be properly convicted on the other issue, if sufficiently proved on the part of the state.
It has however been contended for the prisoner, that he was entitled to a verdict on his plea of not guilty, because the evidence, if proper to be received, proved a substantial and distinct felony — namely a rape, and consequently disproved the felony charged — namely an assault with intent to commit a rape. For the support of this position, Hornwood’s case, 1 East P. C. 411, 440, is relied on. But we think that case' proceeds on a different reason. It establishes that upon an indictment for an assault with intent to commit a rape, if the proof be, of a rape actually committed, the prisoner must, in England be acquitted. But the reason is, that such an assault is, in the law of that country a misdemeanor only; and it cannot exist where a felony has been actually committed, but is merged in the felony. It does not proceed on the ground that evidence of the intent consummáted disproves the intent itself; but on the contrary, that the intent is established in both cases, and that when it is executed the act and the intent together, constitute a different and a *108 higher crime, than the intent alone did, and extinguishes the inferior one. But that case is obviously distinguishable from the cases of distinct felonies. When the intent alone is a felony of the same grade, and followed by the same punishment with the act itself if perpetrated, there can be no merger of the one in the other: •each is a substantive capital felony; and the party may be convicted of either upon any competent and relevant evidence that satisfies the jury of his guilt of the particular offence charged. Is not proof of a rape actually committed, evidence of an assault with intent commd a raPe '■ In good sense and law, the doing an act raises the highest presumption of an intent to do it. The application of that principle of evidence is of every days’ oc-cutrence in practice. In burglary the intent to steal, is most satisfactorily proved by an actual stealing. 1 Hale, P. C. 560, and in the case of Locost v. Villers, where the was for burglary in breaking and entering a man’s house withintent to ravish his wife, the prisoners were found guilty, and hanged upon evidence of the rape committed. “ The fact (as Keeling informs us,) being very foul ^01' woman was actually ravished.” The objection on the part of the prisoner is therefore deemed untenable, for the evidence of proving a rape was also a relevant evidence °f the intent to commit it; and the latter being a- distinct' felony, subsists, notwithstanding the prisoner proceeded to c°mmit a further felony.
An intent a felonious where the oniya inis-demeanor, thíTfelony. be ed^but not tent alone of the*0"7 grade with the act it-er maybe of either competeut that'satisfies the guilt of the offence1” charged,
In burglar-y the m-steal, is SctoiliytlS" proved by An Qcluíil stealing.
The preceeding observations serve also to answer, in a great measure, another and the last objection of the prisoner’s Counsel, that is, that if the former acquittal cannot be pleaded technically as a bar to this indictment, yet that the A ** ' . State is estopped by it as evidence, from proving, for any purpose, that the prisoner was guilty of a rape. The Court is not aware of any mode of taking advantage of the estop-pel created by a former trial, but pleading it as an acquittal or conviction for the same offence. But if there were, the same reasons which avoid the bar as a plea, must necessarily repel the objection of a former trial set up as an estoppel upon the evidence. Nor is it seen what benefit the prisoner would derive if we could allow the record of the former acquittal to be as evidence, an estoppel to other evidence on *109 the part of the State, that he actually committed a rape, for estoppels are mutual, and he cannot take advantage on this occasion, of the fact that he was guilty of the rape, more than the State can. The former trial establishes conclusively on both the State and the prisoner, that he was not guilty of the rape. He is not at liberty more than the State is, to say for any purpose, that he was guilty of the rape itself; and whatever on this trial, the evidence .might tend to prove, both sides are, upon the argument of the prisoner’s counsel, restrained from denying that it did prove a rape actually ' committed. When therefore a doubt was raised on the evidence for the State — if it was on that evidence that the doubt arose — whether a rape had not in fact been committed, it was not competent to the prisoner to insist thereon as a defence to this indictment, that he was 'guilty of the rape. But it does not appear on what evidence, that for the State or the prisoner, the doubt arose; and certainly the argument, that the State was concluded from giving such evidence, is equally applicable to the prisoner himself. He could not prove himself to be guilty of the rape, for the purpose of availing himself of the former acquittal. The truth is, however, that the guilt or innocence of the prisoner of the rape, was not in controversy upon the trial.' The gist of the charge was an assault with intent to commit a rape; and it was competent to give evidence of any facts from which that intent might be presumed by the jury — not for the purpose of establishing his guilt or innocence of any other charge, but of this only. .
It is admitted, as a result from these positions, that the prisoner may practically, be indicted for two felonies, and his guilt proved of one, upon the same evidence on which he received an acquittal on. the other, from which inconveniences and hardships may arise. But it is a consequence of the circumstance, that the two felonies are of such a nature, that the existence of one, may in fact be inferred from the existence of the other; while in law, the felonies themselves are so distinct and essentially different, as alleged in the indictment, that an acquittal or conviction of one cannot bar a prosecution for the other. This it is beyond the power of the Court to correct, since, in passing upon plea of former acquittal, the Court is *110 confined to the facts and averments of the indictments, and cannot know upon what evidence, the former verdict was rendered, or what evidence will be given on the plea of not guilty on a second trial.
Having been unable to sustain any of the objections on behalf of the prisoner, and not perceiving any error in the record, the Court is obliged to affirm the judgment of the Superior, Court.
Per Curiam. Judgment affirmed.