.STATE v. R. S. NASH.

*Assault upon several is an assault upon each—Former Acquittal.*

1. An indiscriminate assault upon several persons is an assault upon each individual.

2. To support the plea of former acquittal, it is not sufficient that the two prosecutions should grow out of the same transaction, but they must be for the *same offence*, both in law and in fact—an exact and complete identity of the two offences charged.

(Mr. Justice ASHE, dissenting.)

(*State* v. *Jesse*, 3 Dev. & Bat.; 98; *State* v. *Merritt*, Phil., 134 , *State* v. *Birmingham*, Busb., 120 ; *State* v. *Revels*, *Ib.*, 200 ; *State* v. *Fayetteville*, 1. Mur , 371, cited, distinguished and approved   And *State* v. *Lindsay*, Phil., 468, and *Merritt's* and *Fayetteville* cases, cited and commented on by Mr. Justice ASHE in the dissenting opinion.)

INDICTMENT for assault and battery tried at Fall Term, 1881, of RICHMOND Superior Court, before *Graves, J.*

The defendant was indicted for an assault and battery committed upon one Nathan Reynolds, and for his defence relied upon the plea of *former acquittal.* The jury returned a special verdict as follows : " That the defendant was indicted at the present term of this court for an assault on one Atlas Spivey, and upon that trial the state showed in evidence that on the 23rd day of December, 1879, the said Atlas Spivey and Nathan Reynolds, and some eighteen more persons, went to the defendant's house with guns, bells, horns, and tin pans, and marched around the house, and when about to leave fired off the guns; and that the defendant thereupon fired a gun at them and in direction of the crowd, twice, in rapid succession, and one shot struck the said Spivey ; and that upon such trial the defendant was acquitted by the jury ; and further, that the evidence in the present indictment is to the same acts of the defendant, and that the said Nathan Reynolds was stricken by a shot from

the defendant's gun fired as aforesaid. If in law these facts amount to a former acquittal, then the jury find in favor of the defendant; but if in law they do not amount to a former acquittal, then they find that he was not formerly acquitted."

His Honor, being of opinion with the defendant, rendered judgment accordingly, and the solicitor for the state appealed.

*Attorney General*, for the State.
*Messrs. Burwell & Walker*, for defendant.

RUFFIN, J. To support a plea of *former acquittal*, it is not sufficient that the two prosecutions should grow out of the same transaction; but they must be for the same offence; *the same, both in fact and in law.* See note to 1st Bennett and Heard's Leading Crim. Cases, 522.

In the principal case of *Rex* v. *Vandercomb*, 516, there referred to, and which was argued, as stated by Mr. Justice BULLER, before all the judges of England, it was held, that unless the first indictment were such, as that the defendant might have been convicted upon it by proof of the facts contained in the second, then, an acquittal on the former can be no bar to a prosecution for the latter. In *State* v. *Jesse*, 3 Dev. & Bat., 98, it was said by this court, in discussing the very point, that two offences may have several circumstances in common, and yet to constitute either some other circumstance is to be added; and it is the allegation on the record of this additional circumstance, peculiar to each, which constitutes them distinct crimes; and therefore it is not always sufficient to make a judgment on an indictment for one a bar to an indictment for the other, that the same evidence may be competent and material to both. The true test is as stated in *Rex* v. *Vandercomb*: Could the defendant have been convicted upon the first indictment upon proof

of the facts, not as brought forward in evidence, but, *as alleged in the record of the second.*

Upon this principle it was, that the court of King's Bench held in *Rex* v. *Taylor*, 3 B. and C., 502, that if it appeared manifest to the court, *from the inspection of the two indictments*, that the offences charged could not be the same, the defend-. ant could not by averment show them to be the same, *because that would be to contradict the record.*

Now to apply this principle to the present case : The first indictment was for an assault on one Spivey ; could the defendant have possibly been convicted thereof upon proof of the averments contained in the record of the second, to wit, of an assault upon the prosecutor Reynolds ?

A battery is violence done to the person of another, and though there be but a single act of violence committed, yet if its consequences affect two or more persons, there must be a corresponding number of distinct offences perpetrated. Accordingly it has been held that an acquittal on a charge. of attempting to poison A, was no bar to an indictment for attempting to poison B, although on the same occasion and by the same act of preparation, because in such case, it was said, there were two distinct offences. *People* v. *Warren*, 1 Parker C. C., 388. In like manner it was held in *State* v. *Standifer*, 5 Porter, 523, that if one commit an assault by one stroke upon two persons, a conviction or acquittal upon an indictment alleging the assault upon one, was no bar to a subsequent prosecution for the assault on the other. And still more to the purpose was the ruling of our own court in *State* v. *Merritt*, Phil., 134, to the effect, that an indiscriminate assault upon several persons was an assault upon each and every one of them.

It is true that a decision to the contrary of this was ren- rendered by the court of Vermont in *State* v. *Damon*, 2 Tyler, 390; but it is said in a note to Archbold's Criminal Pr. and Pl., 112., to be against the weight of authority and re-

pugnant to reason, and by Bennett and Heard, 534, to be clearly not law.

. The decision in *State* v. *Jesse, supra,* has been twice approved by the court (*State* v. *Birmingham,* Busb., 120, and *State* v. *Revels, Ib*, 200,) and the principle upon which it proceeded is clearly asserted in many of the elementary writers on criminal law, (1 Chitty, 457; 2 East., P. C., 519; 1 Wharton, 505,) and as it seems to us is easily distinguished from the *State* v. *Town of Fayetteville,* 2 Mur, 371, where the conduct complained of was one of mere neglect, and the omitted duty of keeping the streets in repair was an entire one, not susceptible of division into parts, so that each may become the subject of a prosecution.

How can it be certainly known what motive induced the verdict of acquittal in the former trial? For aught that can be seen, the jury in that case may have wholly disbelieved the evidence as to Spivey's being stricken, or even as to his being one of the company fired upon. If so, then clearly the verdict should not stand in the way of a prosecution for the battery upon one who was present and who was actually injured. It is true the last verdict establishes the fact both of his presence and the injury done him, but in the case supposed, which are we to adopt—the former or the latter finding? No such difficulty can arise in the case of two prosecutions for the same identical act, for then the first verdict will conclude as to the truth of every matter necessary to support it, and will draw to it every intendment as well of law as of fact—a thing that cannot be done in favor of two contradictory verdicts.

The only safe rule is to stand by the decisions of our courts, and to hold that the plea of *former acquittal* cannot avail, unless there should be an exact and complete identity in the two offences charged.

Our conclusion therefore is that the plea relied on was not a bar to the pending prosecution against the defendnt,

and the state was entitled to judgment upon the special verdict.

The judgment below is reversed, and this opinion will be certified.

ASHE, J., dissenting. After a careful consideration of the case, I find myself unable to concur with the majority of the court in the views expressed in the opinion of my brother RUFFIN.

The indictment charges the defendant with having destroyed the public peace by assaulting and beating one of its citizens.

It is not a question between the assailant and the injured party ; so far as they are personally concerned, the injuries may be redressed by a civil action. But it is a question between the government and the citizen, and when the crime charged in the indictment against the defendant is for an assault and battery which was committed on another, at the same time and place, and with the same instrument and the same stroke or blow, the transaction is one and not divisible. It is one offence against the state, and the state cannot split the one crime and prosecute it in its parts ; and therefore when the defendant has been tried and acquitted by a court of competent jurisdiction of the assault and battery on one, it may be pleaded in bar of a prosecution for the assault and battery upon the other.

The decisions on this subject I find to be contradictory, but I think the weight of the authorities support my conclusion. I am sustained in the position by the following :

In the *State* v. *Lindsay*, Phil., 468, this court held that where one was indicted for an assault and battery, and it was found that in a former indictment against him and others, the assault charged against him was given in evidence with other acts of like character, his conviction of the riot was a bar to the second prosecution.

In *Wilson* v. *State*, 45 Tex., 76, it was decided that the stealing of different articles of property belonging to different persons, at the same time and place, is but *one offence* against the state, and that the accused cannot be convicted upon separate indictments, charging defendant with parts of one transaction as a distinct offence. A conviction on one of the indictments bars a prosecution on the other.

To the same effect is *Addison* v. *State*, 3 Tex., (Court of App.,) 40 ; *Hudson* v. *State*, 9 Tex., (*Ib.*) 151 ; *Jackson* v. *State*, 14 Ind., 327 ; *State* v. *Williams*, 10 Humph., 101 ; *Lorton* v. *State*, 7 Miss., 55.

In *State* v. *Egglisht*, 41 Iowa, 574, where the defendant had delivered at the same time and by the same act to the teller of a bank four forged checks, which purported to have been drawn by four different parties, it was held that this constituted but *one offence* of uttering forged checks, and that a conviction for uttering one of the checks was a bar to a conviction for uttering the others. In Indiana it has been decided that where the same act results in the death of two or more, and the person committing the act is convicted or acquitted on a trial for the indictment for the murder of one, he cannot be indicted for the murder of the other, when the evidence offered on the last trial is the same and in no wise different from that employed on the trial of the former indictment, and the crimes charged in the two indictments are identical in all their parts, incidents and circumstances. *Clem* v. *State*, 42 Ind., 420.

The case more directly in point is that of the *State* v. *Damon*, 2 Tyler (Vermont), 390. The defendant was there indicted for an assault and battery upon one Miller and pleaded "former conviction" on an indictment for an assault and battery on one Doty, alleging that the wounding of each was by the same stroke and at the same time. The court said in its opinion : "It appears the defendant wounded two persons in the same affray, at the same time

and with the same stroke. On a regular complaint made, he has been convicted before a court of competent jurisdiction for assaulting, beating and wounding Frederick Miller, one of those persons. He stands here indicted for assaulting, beating, and wounding Elias Doty, the other of those persons, and the defendant pleads in bar the former conviction which he alleges to be for the same offence. The only question is, whether the defendant has been already convicted of the offence charged in the indictment. Of this there can be no doubt, for it is apparent on the record, that the assault and battery charged in the indictment, and that of which he was convicted by Mr. Justice RANDALL, were at the *same place and in the same affray*, and the wounds made by the same instrument and by the same stroke. This is not a question between either of the persons injured by the assault and battery and their assailants; redress has or may be obtained by them by private actions. But it is a question between the government and its subject, and the court are clearly of opinion that the indictment cannot be sustained."

But it is said, in the opinion of the majority of the court that that case is not authority, and has been so declared by Bennett and Heard in their notes to their Leading Cases; and that it is also said by the annotator of Archbold Pl. and Pr. to be against the weight of authority. It is the opinion of three commentators against that of the supreme court of Vermont. So far as the weight of the authority is concerned, I prefer to stand by the court.

The case of *Rex* v. *Vandercomb* is cited as authority for the position, that unless the defendant could have been convicted upon the first indictment, upon proof of the facts, not as brought forward in the evidence, but as alleged in the record of the second indictment, the plea of former conviction could not avail him. Can that be law? In many cases it would be impossible to ascertain, except by the evi-

dence, whether the offences are the same, where there are different indictments for offences that are of the same character and grade. Suppose A, for instance, is indicted jointly with B, for an assault on C, and both are convicted, and afterwards A is indicted for the same assault, the record would not show that fact; and unless he were permitted to show the fact by proof, he would be twice convicted for the same offence. The evidence must necessarily be admitted, and such, according to my experience, has been the practice in this state.

The principle which is enunciated in *State* v. *Damon,* I think is sustained by the case of the *State* v. *Town of Fayetteville,* 2 Mur., 371, where the defendants were indicted for not keeping the streets of the town in repair, and three or four streets were presented on the same indictment, it was held the defendants should be indicted but once for all; if separate bills be found, on a conviction on one, it might be pleaded in bar to the others, and in the opinion delivered by Chief Justice TAYLOR, he concluded by saying: *This notion of rendering crimes, like matter infinitely divisible, is repugnant to the spirit and policy of the law, and ought not to be countenanced.*" The case of the *State* v. *Merritt,* Phil., 134, (cited and relied upon in the opinion of the court,) I do not think is in conflict with the authorities I have above cited. It only decides that an indiscriminate assault upon several is an assault upon each, but does not go the length of holding that separate indictments would lie for an assault upon each. All I think that is to be inferred from that decision, is, that being an assault upon each, the solicitor might make his election and indict for the assault upon any one of them.

I am of the opinion that there was no error in the judgment of the superior court.

PER CURIAM.                                    Error.