STATE v. ISAAC WILLIAMS.

*Practice and Pleading—Former Acquittal—Estoppel against the State.*

1. When the defendant relies on the plea of former acquittal, the jury must find that there was a judgment which remains in force, and not reversed.

2. To support this plea, it must appear that the offences are precisely the same in the two indictments, both in law and in *fact*, and that the former indictment and the acquittal were sufficient in law. An acquittal in an indictment charging a sale to A, will not sustain this plea to an indictment charging the selling to B.

3. The doctrine of *estoppel* does not apply to the State; therefore, when in one indictment for selling liquor within five miles of a church, it was found that the place where the liquor was sold, was more than five miles from the church, this does not estop the State from proving in another indictment, that the same place was less than five miles from the church.

(*State* v. *Nash*, 86 N. C., 650; *Wallace* v. *Maxwell*, 10 Ired., 110; *Taylor* v. *Shuford*, 4 Hawks., 152; *Candler* v. *Lunsford*, 4 Dev. & Bat., 407, cited and approved).

INDICTMENT for selling spirituous liquors to one Calvin Bethune, within five miles of Bethel church, in Richmond county, contrary to the provisions of the Act of 1881, ch. 234, tried before *MacRae, Judge,* at Fall Term, 1885, of RICHMOND Superior Court.

The defendant pleaded " not guilty," and " former acquittal," and the jury, on the trial of the plea of former acquittal, rendered the following special verdict: " The jury find, that on or about the fifth day of December, 1884, the defendant, at a certain place in the county of Richmond, known as the Jim Green place, did sell to Calvin Bethune, one quart of spirituous liquor, to-wit, " corn whiskey."

They further find, that at the present Term of this Court, the defendant was tried upon an indictment for selling spirituous liquor to one William Wade, within five miles of Bethel Church, Richmond county; that on said trial, it was admitted by the State and defendant, that the selling of whiskey by defendant to William Wade, was at the " Jim Green place," in said county, but defendant denied that the place of sale of said liquor was within five miles ; that the presiding Judge instructed the jury on the trial of said bill of indictment, that the controlling question in the case was, whether the " Jim Green place" was within five miles of Bethel Church, in Richmond county, or not. If the jury find that the " Jim Green place" was within five miles of said Bethel Church, then the defendant, upon the testimony and admission, was guilty. If the State failed to prove this fact to the satisfaction of the jury, they must find a verdict of not guilty, and that thereupon the jury found the defendant not guilty. If, upon the foregoing facts, the Court is of the opinion that the defendant has been formerly acquitted, the jury find a verdict to that effect. If the Court is of opinion, upon these facts, that the defendant has not been formerly acquitted of the charge in this bill of indictment, they so find."

The Court, upon the foregoing special verdict, directed that judgment be entered sustaining the plea of former acquittal. From this judgment the Solicitor for the State appealed.

*Attorney-General,* for the State.
*Messrs. Platt D. Walker* and *Frank McNeill,* for the defendant.

ASHE, J., (after stating the facts).   This is certainly a case of
the first impression.   We have been unable to find any case like
it in the books on criminal law, and the learned and undefatiga-
ble counsel for the defendant, admitted in the argument of the
case, that they had been unable, in their researches, to find any
case where such a practice had been adopted.

The mischief intended to be remedied by the Act of 1881,
under which the defendant was indicted, was evidently to pre-
vent the sale of intoxicating liquors, with their usual concomi-
tants of drunkenness, broils and boisterous and riotous conduct,
within five miles of Bethel Church, by which the religious wor-
ship in said church might be disturbed.

If the position contended for by the defendant's counsel be cor-
rect, then if one person should be indicted for selling liquor at
a particular place, mentioned in the indictment, and the place so
designated is not more than three miles, or less, from the church,
and the State, by the introduction of ignorant witnesses, fails to
prove that the place is within five miles, or by the introduction
of corrupt witnesses, it should be proved and found by the jury,
that the place was beyond the distance of five miles, the person
so indicted and acquitted, would be at liberty to sell liquor at
the same place, " *ad libitum,*" though the State might be able to
prove beyond all question, that the place was within the pro-
hibited district.

Such is undoubtedly the effect of the adjudication in this case,
if his Honor rendered his judgment upon the special verdict,
upon the ground, as was argued before us, that the State was
precluded in the latter indictment, from showing that the offence
was committed within the distance of five miles, when on the
former indictment, it had been found by the jury, that the place
was not within five miles.

His Honor committed no error in not rendering judgment
against the defendant upon the finding of the jury, but his error
consisted in not ordering a *venire de novo,* for a defect in the
special verdict.   For the jury failed to find that there was any

judgment in the former indictment, which, from all the precedents we have seen, is·an essential ingredient in such verdicts. See Archbold's Criminal Pleading, 89 ; Bishop on Criminal Proceedings, §576, where the forms of indictment, in such cases, contain the allegation, "as by the record more fully and at large appears, which judgment still remains in full force and effect, and not in the least reversed or made void." See Hale's Pleas of the Crown, vol. 2, page 243; where it is laid down, that a judgment in the former indictment must be averred.

But conceding that the special verdict may be a proper mode of taking advantage of a "former acquittal," it certainly must find the same facts as would be necessary to be averred and proved, when that plea is pleaded, and it is well established, that to entitle the defendant to that plea, it is necessary that the crime charged be *precisely the same,* and that the former indictment, as well as the acquittal, was sufficient, Chit. Cr. L., 451, 452. On the latter page, he proceeds to say: "As to the first of these requisites, the identity of the offence, if the crime charged in the former, and present prosecution, are so distinct, that evidence of the one will not support the other, it is inconsistent with reason, as it is repugnant to the rules of law, to say that the offences are so far the same, that an acquittal of the one, will be a bar to the prosecution of the other," and in Arch. Cr. Plea, pp. 87, 88, it is said: "When a man is indicted for an offence, and acquitted, he cannot afterwards be indicted for the same offence, provided the first indictment were such, that he could have been lawfully convicted on it." The true test, says he, by which the question may be tried, whether such a plea is a sufficient bar in any particular case, is, whether the evidence necessary to support the second indictment, would have been sufficient to procure a legal conviction upon the first, and to illustrate, he says: "If one of the indictments appear to be for larceny of the goods of a person unknown, and the other for the larceny of the goods of I. N., the plea should also aver, that the person, so described as the person unknown, and I. N., were the same person, and not dif-

ferent; and so if the one indictment be for the larceny of the goods of I. F., and the other for the goods of I. G., the two offences may be identified, by an averment that the said I. G. was as well known by the name of I. N. as I. G." Why aver that the said I. G. was as well known by the name of I. N. as I. G.? Because otherwise the indictment would not be *precisely* the same, and the defendant could not have been convicted under the former indictment, upon the evidence adduced in the latter. So in our case, the indictments are not *precisely the same*, and the defendant could not possibly have been convicted on the indictment for selling liquor to Bethune, by proving that he had sold liquor to Wade. Wharton's Precedents, §§1151 and 1152.

The counsel for the defence, relied on the case of *State* v. *Nash*, 86 N. C., 650; but the decision in that case, is in direct accordance with the authorities above cited. Judge RUFFIN, speaking for the majority of the Court, held that the indictment must be for the same offence, both in *law and in fact*.

The defendant, if we understand his position, contended that inasmuch as in the former indictment against him, the jury found that the "Jim Green Place" was not within five miles of Bethel Church, the State was estopped thereby from insisting in this indictment, against the same person, for selling liquor at the same place, although the charge in this indictment was for selling to a different person. There might possibly be some force in the position, if the State was subject to the law of estoppel. But unfortunately for the contention of the counsel, it has been held in this State, that the doctrine of estoppel does not apply to the sovereign. *Wallace* v. *Maxwell*, 10 Ired., 110; *Taylor* v. *Shuford*, 4 Hawks, 132; *Candler* v. *Lunsford*, 4 D. & B., 407.

We are of the opinion that there was error. Let this opinion be certified to the Superior Court of Richmond county, that a *venire de novo* may be awarded.

Error.                                    Reversed.