STATE v. HANKINS.

(Filed October 11, 1904).

1. FORMER ACQUITTAL—*Larceny.*

> The evidence in this prosecution for larceny is not sufficient to sustain a plea of former acquittal.

2. PLEADINGS—*Former Acquittal—Judgment—Verdict.*

> A plea of former acquittal should aver that a judgment was entered upon the verdict in the former trial.

INDICTMENT against Joseph Hankins, heard by *Judge G. S. Ferguson* and a jury, at April Term, 1904, of the Superior Court of NEW HANOVER County.

The defendant and one Sam Bell were indicted for stealing a hat, cap, pants, collar buttons and suspenders from R. F. Hamme, and the State, being unable to show that the defendant Hankins took any of the articles described in the bill, proposed to prove by the prosecutor that he saw him take a coat at the same time, but in a different part of the store, Bell being at the show-case and the defendant at the clothing table; the avowed object of the Solicitor being to show a conspiracy to steal the articles mentioned in the bill and thereby to convict the defendant. The Court admitted the testimony, but upon its appearing afterwards that defendant had not taken any of the articles alleged in the first trial to have been stolen, and that the parties had not talked or made any signs to each other, and there being no other evidence of a conspiracy, the Court charged the jury that there was no evidence of a conspiracy, and directed a verdict of not guilty as to Hankins, which was entered. The defendant was thereupon indicted for stealing the coat and pleaded former acquittal and not guilty, and the first plea was tried upon the evidence already stated and the further

evidence that the coat was the same coat which the prosecutor identified in the first case and was taken at the same time the other articles were taken and from the same person.    The Court instructed the jury that if they believed the evidence they should return a verdict against the plea, as it had not been sustained.    There was a verdict against the defendant upon his plea of not guilty.    There was no exception as to this plea.    Judgment and appeal.

*Robert D. Gilmer, Attorney-General,* for the State.
*Bellamy & Bellamy* and *Herbert McClammy,* for the defendant.

WALKER, J., after stating the case.    The fact that the defendant took the coat was not used as evidence against him on the trial of the first indictment, because, while the Judge at first admitted it as evidence, he subsequently withdrew it from the consideration of the jury by charging them that there was no evidence of a conspiracy and consequently none of defendant's guilt.    The verdict in that case determines that there was no joint action between defendant and Bell and no intent common to both of them, and it further determines that defendant did not steal any of the goods mentioned in the first indictment.    The object of the State was not to show that the defendant took the articles described in that indictment and the coat at one and the same time, but to prove that there was a conspiracy between Bell and Hankins because they took different goods in the same store at the same time which belonged to the same person.    The case does not therefore fall within the principle of *State v. Weaver,* 104 N. C., 758, which was cited by defendant's counsel. The true principle by which to test the sufficiency of the plea of former acquittal as a bar is said to be this: Unless the first indictment was such as that the defendant might have been convicted upon it by proof of the facts contained in the

second, an acquittal on the first can be no bar to the second. *Rex v. Vandercomb* 2 Leach, 716; *State v. Birmingham,* 44 N. C., 120; *State v. Nash,* 86 N. C., 650, 41 Am. Rep., 472; *State v. Williams,* 94 N. C., 891. This statement of the principle (which was taken from the opinion of *Justice Buller* in *Rex v. Vandercomb*) has, we think, been justly criticised, as it may exclude the right of the defendant, by proof of facts other than those alleged in the second indictment, to show the identity of the two offenses, and it has been suggested that the rule should be that unless the evidence as brought forward to prove the allegations of the second indictment would be sufficient to convict upon the first, the plea of former acquittal or conviction should not avail the defendant (*State v. Nash,* 86 N. C., at p. 656), but this would not remove the fault unless the rule is further extended so as in terms to include the right of the defendant to prove the identity of the offenses charged in the two indictments, which might otherwise appear to be different.

In order to support a plea of former acquittal it is not always sufficient that the two prosecutions should grow out of the same transaction; but they must be for the same offense; the same both in law and fact. *State v. Jesse,* 20 N. C., 98; *State v. Nash, supra; State v. Williams, supra.* Nor is it sufficient to sustain the plea that evidence of the facts alleged in the first indictment would also be competent evidence of the facts alleged in the second. *State v. Jesse, supra.* In the case last cited, *Ruffin, C. J.,* for the Court, says: "We are to inquire whether the facts alleged in the two indictments are actually or legally the same; if they be, the accused cannot be a second time put on trial; if they be not, he is tried but once on the same accusation." So that, it follows if there is not a complete identity of the two accusations as alleged in the indictments, there must be an averment in the plea of such facts as will show the identity of the two, and on the trial of

the issue joined on the plea there must be proof of the facts thus averred. *State v. Birmingham, supra; State v. Nash, supra.* Applying these principles to the case in hand, we find that the indictments are not precisely the same, and therefore that it required averment and proof to establish the actual or legal identity of the two offenses charged to have been committed, and in order to do this it was at least necessary to allege and show that the defendant took and carried away the goods described in the first and second indictments at the same time and place, by one and the same act and with one and the same felonious intent, and that in the trial of the first indictment proof of such taking of the article described in the second indictment had been introduced for the purpose of convicting the defendant of the larceny charged in the former indictment. 1 Bish. New Cr. Pro., sec. 814, *et seq.;* Wharton Cr. Pl. & Pr. (9 Ed.), sec. 470. But there was no evidence of that kind in this case. The defendant did not take any of the goods described in the first indictment. On the contrary, the proof was that the two men entered the store at different times and stole different articles which were not in the same part of the store, the only identity between the offenses being that they were committed at the same time and that all the goods belonged to one and the same person. The evidence, therefore, necessary to support the second indictment would not have been sufficient to procure a legal conviction upon the first, and *e converso,* there being no actual or legal identity between the two accusations.

The rule we have just stated as to the sufficiency of the evidence is the one laid down by Archbold and approved by this Court in *State v. Williams,* 94 N. C., at page 894, and when applied to the proof in the case is fatal to the defendant's plea. The mere fact that the State was permitted to show the taking of the coat as a fact to establish a conspiracy is not sufficient to sustain the plea, as it did not by itself tend

to prove a conspiracy or any concert of action, and the Court so held. The case then stands upon proof only of a separate and distinct taking and asportation by each of the parties of different articles, instead of a single taking by the defendant of all the articles at one and the same time. This presents a state of facts which is the converse of *State v. Bynum,* 117 N. C., 749, but within the principle of that case.

Assuming, as we have, for the sake of the argument, that if defendant had himself stolen all the articles at one and the same time, the prosecutor had the right to carve as large an offense out of the transaction as he could, but must cut only once; and if defendant had been indicted for stealing only one of the articles and was acquitted, he could successfully plead the acquittal in bar of a subsequent prosecution for stealing another of the articles, we yet do not perceive how the defendant has made any such case, and for this reason we cannot say that there has been any former jeopardy.

We have not adverted to the fact that the plea, as far as appears, does not aver, nor does the proof show, that there was any judgment entered upon the verdict of acquittal in the first case, and this is an essential ingredient of a good plea, and, if properly averred, the necessary proof must be forthcoming to sustain the allegation. According to the precedents, the pleader should have averred that judgment was entered on the verdict of acquittal, "as by the record more fully and at large appears, which judgment still remains in full force and effect, and not in the least reversed or made void." Archbold's Cr. Pl. (3 Am. Ed.), 89; *State v. Williams,* 94 N. C., at p. 893. The statute of 15 Vict. has not been adopted in this State.

The Judge's ruling upon the plea of former acquittal was correct, and, there being no other error alleged or found in the record, the conviction of the defendant must be sustained.

No Error.