FRED O'BRIEN, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. It is not the province of a demurrer to set out the facts; it involves only such facts as are alleged in the pleading demurred to, and raises only questions of law as to the sufficiency of pleadings which arise on the face thereof.

2. The plea of *autrefois* convict consists partly of matter of record and partly of matter of fact. The matter of record is the former indictment and conviction, and the conviction here meant includes the sentence or judgment of conviction, and not merely the verdict of the jury.

3. Where the plea of *autrefois* convict fails to state any reason why the defendant could not again be tried for said offense, it may be treated as a nullity and stricken out on motion.

This case was decided by Division B.

Writ of Error to the Criminal Court of Record for Dade County.

The facts in the case are stated in the opinion of the court.

*Price & Rand,* for plaintiff in error;

*W. H. Ellis,* Attorney General, for the state.

PARKHILL, J.—The plaintiff in error, Fred O'Brien, was prosecuted in the criminal court of record for Dade county for grand larceny. He was tried, convicted and sentenced to the state prison for three years, and seeks relief here by writ of error.

It is contended that the court erred in sustaining a demurrer to the plea of *autrefois* convict. The demurrer is as follows: "Now comes the state of Florida by H. Pierre Branning, its solicitor of the criminal court of record of Dade county, Florida, and demurs to the plea of the defendant, Fred O'Brien, filed in the above styled cause and for grounds of demurrer says it is bad in substance.

                    H. PIERRE BRANNING,
                              County Solicitor.

"Substantial matters of law to be argued. Where a

defendant has been convicted and a new trial granted
him the prosecution may, with the court's consent, en-
ter a *nolle prosequi* without prejudice to a new indict-
ment or information."

It is not the province of a demurrer to set out the
facts; it involves only such facts as are alleged in the
pleading demurred to, and raises only questions of law
as to the sufficiency of pleadings which arise on the face
thereof.    6 Ency. Pl. & Pr. 297; State *ex rel.* Garrison v.
Commissioners of Putnam Co., 23 Fla. 632, 3 South.
Rep. 164.

The plea does not allege that the former conviction
of the defendant was set aside, a new trial granted and
a *nolle prosequi* entered.   If, therefore, the demurrer
is to be understood as setting up these facts, they cannot
be considered.    If the plea set up these facts it would
furnish no sufficient defense against the further prose-
cution of the defendant.    In Gibson v. State, 26 Fla.
109, 7 South. Rep. 376, this court held:   "Where there
has been trial for an offense and a verdict of guilty, and
on motion of the defendant the court arrests the judg-
ment, or grants a new trial, such defendant has not been
in the jeopardy which forbids a second trial, whether
upon the same indictment or a new one.    The jeopardy
ceased upon the arrest or grant of a new trial, there be-
ing no right of appeal for the prosecution in this state."
The demurrer, therefore, announces a correct proposi-
tion of law.    The plea shows that the jury rendered a
verdict of guilty, and sets out the verdict; but the plea
fails to show a sentence or a judgment.

The plea of *autrefois convict* consists partly of mat-
ter of record and partly of matter of fact.    The matter
of record is the former indictment and conviction, and
the conviction here meant includes the sentence or judg-
ment of conviction, and not merely the verdict of the
jury:   State *ex rel.*   Owens v. Barnes, 24 Fla. 153, 4

South. Rep. 560; Daugherty v. State, 46 Fla. 109, 35 South. Rep. 397; Commonwealth v. Lockwood, 109 Mass. 323. The plea of *autrefois convict,* therefore, must set forth the indictment, the verdict of the jury, and the judgment thereon. 9 Ency. Pl. & Pr. 635; State v. Hankins, 136 N. C. 621, 48 S. E. Rep. 593; Washington v. State, 35 Tex. Cr. Rep. 156, 32 S. W. Rep. 634. The averments of the plea should be such as to show that the defendant is entitled to the protection invoked; and to that end it would seem that the plea should show that the judgment is unreversed and continues in full force and effect. United States v. Olsen, 57 Fed. Rep. 579; 2 Hale's Pleas of the Crown, 243; Bishop's Cr. Proc. §576; Archbold's Cr. Pl. 89; State v. Hankins, 136 N. C. 621, 48 S. E. Rep. 593; (Chitty); Hale's P C. 243.

This plea, if true, fails to state any reason why the defendant could not again be tried for said offense, and may be treated as a nullity and stricken out on motion. Strobhar v. State, decided at the present term. This being so, the sustaining of this demurrer will be considered harmless error, even if the ground of demurrer is insufficient. Hooker v. Forrester, 53 Fla. 392, 43 South. Rep. 241. The court may of its own motion, or upon insufficient application, pass upon the sufficiency of the plea, in a plain case, like the one at bar, that requires little more than a bare inspection of the plea to determine. Benedict Pineapple Company v. Atlantic Coast Line Ry. Co., decided at this term.

Finding no error, the judgment is affirmed.

TAYLOR and HOCKER, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.