STATE v. JAMES WHITE.

(Filed 26 February, 1908).

1. **Burden of Proof — Defenses — "Former Acquittal" — Identical Offense.**

   The burden of proof is upon the defendant, under plea of former acquittal, to show that he had been formerly acquitted for the identical offense, in law and in fact.

2. **Power of Court—"Former Acquittal"—Collateral Inquiry.**

   The plea of former acquittal is a collateral civil inquiry as to the former action of the court, and the verdict on such an issue may be set aside in the discretion of the court.

3. **Witnesses—Indictment—"Former Acquittal"—Civil Action—Criminal Action.**

   The defendant, under plea of former acquittal of the offense charged in the bill of indictment, may become a witness in his own behalf, and may not be forced upon the stand as a witness in relation to the criminal charge.

4. **Witnesses—"Former Acquittal"—Evidence—Proof.**

   The indictment and judgment in a former action, introduced in evidence under plea of former acquittal, are sufficient to show the nature of the offense charged therein, but the defendant must prove that the two charges are for the same offense.

5. **Indictment—Date of Offense—Immaterial Charge—Evidence.**

   The date of the offense charged in the bill of indictment is immaterial, and is no evidence, upon a trial under a separate indictment, that defendant had been acquitted for the same offense.

CRIMINAL ACTION, tried before *W. R. Allen, J.;* and a jury, at February Term, 1908, of the Superior Court of CRAVEN County.

Judgment of guilty, and defendant appealed.

The facts sufficiently appear in the opinion of the Court.

*Assistant Attorney-General* for the State.

*Simmons, Ward & Allen* and *R. A. Nunn* for defendant.

CLARK, C. J.   The defendant was acquitted of carrying a concealed weapon, the offense being charged in the bill as com-

mitted on 24 December, 1907. At the same term he was indicted for carrying a concealed weapon on 5 January, 1907. To this indictment the defendant pleaded the acquittal in the first-named case as a bar, and also not guilty. The evidence was that the second offense occurred on 5 January, 1908, and was a distinct occurrence, and, indeed, at a different place from that for which the defendant was acquitted in the first indictment, which had occurred, according to the State's evidence offered in the trial of that case, on 24 December, 1907.

His Honor properly refused to instruct the jury, "if they believed the evidence, that the defendant had been heretofore acquitted of this offense."

In *State v. Hankins,* 136 N. C., 623, *Walker, J.,* fully and clearly discusses the whole subject, and says that, to support a plea of former acquittal, both prosecutions "must be for the same offense, both in law and in fact," citing *State v. Jesse,* 20 N. C., 98; *State v. Nash,* 86 N. C., 656; *State v. Williams,* 94 N. C., 891. To same purport, *Connor, J.,* in *State v. Taylor,* 133 N. C., 759.

It is true that the date charged in the bill is immaterial. Revisal, sec. 3255. The two indictments did not charge the offense on the same day. The defendant, on whom rests the burden of this plea, cannot be either prejudiced or protected by the allegation of the date in the bill. He must show that, in fact, the evidence which had been offered to prove the first offense indicated the same offense, *i. e.,* the same transaction, therefore occurring at same time and place as that put in evidence on this trial.

The defendant's counsel contends, and correctly, that a defendant may be tried, regardless of the date charged in the bill, for the offense described therein, upon proof of any commission of that offense at any time prior thereto, not barred by the statute of limitations; and it is also true, as contended, that he cannot be tried more than once for the same offense.

146—39

But this does not mean that one convicted of carrying concealed weapons, or of larceny, or of any other crime, is immune thenceforth as to any other charge of the same nature, if the crime was committed prior to return of that indictment. The burden is on the defendant to plead and to prove that the former conviction or acquittal was for the identical offense. This plea is not of a criminal nature, touching defendant's conduct, but is a collateral civil inquiry as to the former action of the court, and, therefore, the verdict on such issue, whether in favor of or against the defendant, may be set aside by the Judge in his discretion, or if against the weight of the evidence. *State v. Ellsworth,* 131 N. C., 774; 92 Am. St., 790. The production of the indictment and judgment in the former action is sufficient to show the nature of the offense charged therein (but not the date or place, which are immaterial under our statute), and the defendant must by parol show that the two charges are for the same transaction. This can never be difficult to do. Indeed, the defendant is a competent witness, and his going on the stand in this civil issue will not compel him to go on the stand in the criminal issue. The two issues can be tried separately. *State v. Winchester,* 113 N. C., 641; *State v. Ellsworth, supra.*

If this were not so, no one could be indicted and tried for carrying concealed weapons more than once in two years, though he should violate the law in that respect every day of that period; or, if acquitted on one single charge of retailing without license, the defendant would be law proof for the period of two years prior to finding a bill as to all other charges of that nature. The same would be true as to other offenses.

No Error.