PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MANUEL ESTRELLA, Defendant and Appellant.

No. 4297.   Argued May 6, 1931.—Decided May 28, 1931.

*J. Valldejuli Rodríguez* for appellant.   *R. A. Gómez* for appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

The information in the present case reads in part as follows:

"The said defendant, Manuel Estrella, unlawfully and willfully, and with intent to inflict great bodily injury, assaulted and attacked with a revolver, which is a deadly weapon, Gustavo Palés Matos, a human being, firing two shots, one of which hit him in his right arm, causing him a serious bullet wound of uncertain diagnosis and for which he was first treated in the municipal hospital at said town and thereafter at Guayama, P. R."

The case was tried *de novo* before the District Court of Guayama, which sentenced the defendant to pay a fine of fifty dollars and, in default of payment thereof, to one day in jail for each dollar left unpaid.   The defendant appealed

from that judgment, and he has assigned four errors for our consideration.

The first error is that the defendant was convicted without proof of his intention to cause serious injury to Gustavo Palés Matos.

It is an old and constant doctrine of the law and the jurisprudence, that every person is presumed to intend the natural consequences of his acts. One who fires a revolver at a certain person and wounds another, is criminally liable, whether homicide or mere bodily injury be the result of the shot.

It is unnecessary to cite many cases. In *The People* v. *Patrick Raher*, 92 Michigan Reports 165, 166, the defendant was convicted of assault with intent to do great bodily harm to John Peterson. The defendant had requested the court to instruct the jury that they must find the specific intent to assault Peterson. The court refused the request and instructed the jury that if the defendant shot into the crowd with the intention to wound any of them, he might be convicted notwithstanding he had no specific intent against Peterson. In the decision from which we quote, citation is made of *State* v. *Nash*, 86 N. C. 650; *State* v. *Myers*, 19 Iowa 517; *Smith* v. *Com.*, 100 Penn St. 324, and others, and of the doctrine laid down in them that if a person fires into a crowd and wounds somebody he is guilty of assault upon the wounded person. This was the theory of the decision.

The Supreme Court of Maine, in the case of *State* v. *Gilman*, 31 Am. Rep. 257, held that one discharging a gun into a crowd intending to kill A, but missing him and wounding B, is guilty of assault with intent to murder. The same doctrine was upheld by the Supreme Court of Illinois in *Dunaway* v. *The People*, 110 Ill. 333.

The above citations dispose not only of the first assignment but of the third as well.

The finding by the court that policeman Estrella acted unlawfully is assigned as error.

Under our statutes, no police officer has the power to arrest a person for a misdemeanor unless it was committed in his presence; and in no case may he use more force than is necessary to make the arrest. To fire a revolver into a crowd is to incur the risk of seriously and rashly injuring an innocent person.

From the evidence in the present case it can not be inferred that policeman Estrella was under the necessity of using his revolver, not even for the purpose of frightening the fugitive; and if he did so with such purpose he could have aimed high and so prevented the bullet from hitting a passer-by. The punishment imposed on him for the act charged against him does not certainly involve moral turpitude; what is punished is rather the absence of caution by reason of the consequences.

As to the weighing of the evidence, we do not think that the district judge committed any error. It was shown that Estrella was running after a man whom he reasonably suspected, of having committed a theft and who, after reaching the entrance to the police station, had struck him and started to run; that Gustavo Palés, the wounded man, was quietly sitting in his car when Estrella fired two shots and one of the shots hit Palés, who had nothing to do with the escaping of the person arrested. It does not appear that the possible theft of cigarettes of which the prisoner was suspected was committed in the presence of policeman Estrella, or that the life or personal safety of the latter was threatened and he had to make use of the weapon he was carrying. The district judge correctly weighed the evidence.

The judgment appealed from must be affirmed.