STATE v. MACK WILLIAMS.

(Filed 3 November, 1948.)

**Criminal Law § 21—**

> In a prosecution for hit and run driving, the trial court properly refuses to submit an issue of former acquittal based upon a prior prosecution for involuntary manslaughter arising out of the same collision, since the offenses are different, both in law and in fact, and therefore the plea of former jeopardy is inapposite as a matter of law.

APPEAL by defendant from *Burney, J.,* April Term, 1948, of LENOIR.

Criminal prosecution on indictment charging the defendant with "hit-and-run-driving" resulting in death of Lee Graves in violation of G.S. 20-166.

The accident in which the deceased was killed occurred about 4 o'clock in the afternoon of 19 December, 1946, on Highway No. 258, three miles north of Kinston.   The deceased was driving a 1942 Pontiac; the defendant a 1939 Oldsmobile.   The Oldsmobile was driven into the side of the Pontiac, causing injury and death.   On the night of the following day the defendant was apprehended and charged with involuntary manslaughter.   He was acquitted of this charge at the September Term, 1947, Lenoir Superior Court.

Thereafter, at the October Term, 1947, Lenoir Superior Court, the present bill was returned by the grand jury in which the defendant is charged with willfully and feloniously leaving the scene of the accident without rendering assistance or disclosing his identity in violation of the "hit-and-run" statute.

When the case was called for trial, and after the jury had been selected and impaneled, the defendant entered a plea of former jeopardy or former acquittal and tendered issue to that effect for determination before entering upon the prosecution.

After hearing the defendant's evidence the court held as a matter of law that his plea of former acquittal was not good and declined to submit

the issue to the jury. To this ruling the defendant preserved exception, and assigns same as error.

Verdict: Guilty as charged.

Judgment: Imprisonment in the State's Prison for not less than 2½ nor more than 3½ years.

Defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*W. A. Allen, Jr., and Allen & Allen for defendant.*

STACY, C. J. The principal question for decision is whether the court was justified in declining to submit the issue of former acquittal to the jury. The position of the trial court is supported by the apposite authorities. *S. v. Davis,* 223 N. C. 54, 25 S. E. (2) 164, and cases cited.

The plea of former jeopardy, to be good, must be grounded on the "same offense," both in law and in fact. *S. v. Hankins,* 136 N. C. 621, 48 S. E. 593; *S. v. Taylor,* 133 N. C. 755; 46 S. E. 5; *S. v. Nash,* 86 N. C. 650. Here, there is a difference, both in law and in fact, between the former charge of manslaughter and the present indictment. *S. v. Midgett,* 214 N. C. 107, 198 S. E. 613; *S. v. Malpass,* 189 N. C. 349, 127 S. E. 248. Hence, the trial court was justified in holding as a matter of law that the defendant's plea could not be sustained.

The cases of *S. v. Bell,* 205 N. C. 225, 171 S. E. 50, and *S. v. Clemmons,* 207 N. C. 276, 176 S. E. 760, and the principles they illustrate, are not applicable to the facts of the instant record.

As the trial was free from reversible error, the verdict and judgment will be upheld.

No error.