Battle, J.
 

 The plea of
 
 autrefois convict,
 
 like that of
 
 au-trefois acqwit,
 
 is founded upon the principle, that no man shall be placed in peril of legal penalties more than once, upon the same accusation; 1 Chit. Crim. Law, 452, 462. To entitle the defendant to either of these pleas, it is necessary that the offence charged be the same, and that the former indictment, as well as the conviction, or acquittal, be sufficient. In the case of a former acquittal, the test of identity is, that the testimony given upon the latter indictment would have supported the first indictment. The rules in relation to a former conviction are generally the same ; but, as has been well contended by the counsel for the defendants, there must necessarily be an exception in favor of the plea of
 
 autrefois
 
 convict, in order to sustain the principle upon which both pleas are founded. Thus it has been settled, that if one be indicted for burglary in breaking a dwelling house, and
 
 stealing goods
 
 therefrom,, and be acquitted of the charge, he cannot plead
 
 *292
 
 such acquittal in bar of an indictment for burglary in breaking the dwelling bouse with
 
 intent to steal;
 
 1 Russ. on Crim., page 830, (of the 6th Am. Ed.) The reason is, that proof under the latter indictment of the
 
 Irealdng with intent to steal,
 
 would not have supported the charge in the former, of breaking and
 
 aotual stealing.
 
 Rut if the defendant had been convicted upon the first indictment and pardoned, we presume he hardly would have been convicted a second time upon another indictment for a breaking with intent to steal. The latter is included in the former, and to permit such a conviction would be placing the accused “ in peril of legal penalties more than once upon the same accusation.” This principle is directly applicable to the present case. The first indictment (which was in a Court having concurrent jurisdiction of the subject with the Superior Court) was for an affray. This charge necessarily included that of the assault and battery, for which the second indictment was found.
 
 “
 
 An affray (say the Court in the
 
 State
 
 v. Allen, 4 Hawks Rep. 356) is the fighting of two or more persons in a public place, to the terror of the citizens. The very definition, therefore, includes an assault and battery, and if it were proved to the j ury that two men fought together, in a private place, and under such circumstances as that it could not be a terror to the people, we think there is no doubt that they might be acquitted of the affray, and convicted of the assault and battery.” See also
 
 State
 
 v.
 
 Woody,
 
 2 Jones’ Rep. 335 ; Arch. Crim. Pl. 451 ; 1 Hawk. PI. Cr. ch. 63, sec. 1. Now it is manifest, that if the parties can be convicted and punished for the affray, and af-terwards be indicted, convicted and punished for the assault and battery, they will be twice punished for the same offence. If they had been acquitted of the charge for an affray, upon the ground that the fighting was in private, no notice being taken in the verdict of the assault and battery, we can at once see that there would be no injustice in permitting them to be indicted and punished for the offence of mutually assaulting and beating each other. But we do not decide whether the plea of
 
 autrefois acquit
 
 would be a good bar in such a case,
 
 *293
 
 as it seems that an acquittal for murder may be pleaded in bar of ”an indictment for manslaughter; 1 Chit. Crim. Law, 455. "We are clearly of opinion, however, for the reasons above stated, that
 
 cmtrefois convict
 
 is a good plea in bar of the indictment for the assault and battery. In making this decision we are upholding a great conservative principle in favor of the liberty of the citizen, though, in the instance before us, its application will save from adequate punishment a gross and outrageous violation of the law. In the County Court there were no witnesses examined to show the aggravated circumstances of the offence, and the chairman, after stating simply that “ the defendants had submitted for violating the law,” pronounced the judgment of the Court that, they be fined five dollars eaeh; while in the Superior Court, when all the facts were proved, the presiding Judge deemed it a fit case for the imposition of a fine of fifty dollars each, upon
 
 a
 
 majority of the offenders, and twenty dollars each upon the others. There must be a
 
 venire de novo.
 

 Pee CubiaM. Judgment reversed.