Battle J.
 

 In the case of the
 
 State v. Stanly,
 
 4 Jon., 290, it is said that “The plea of
 
 antrefois convict,
 
 like that of
 
 autrefois acquit,
 
 is founded upon the principle that no man shall be placed in peril of legal penalties more than once upon the same accusation”; and for this is cited 1 Chitty, Criminal Law, 252-462. The principle is clear, but there has been much difficulty in its application to the great va
 
 *470
 
 riety of cases which have arisen on the subject. It is unnecessary for us to refer to many of them, because we think that the second proposition contended for by the counsel for the defendant is supported by decisions of this court, and is decisive of the present case. The proposition is that “If the acts alleged in thea second indictment are embraced in the charge contained in the first, and have been given in evidence to procure the first conviction, and increase the punishment, the first conviction is a bar to any second prosecution for those acts.” Thus in the case of
 
 State
 
 v.
 
 Stanly, supra,
 
 it was held that, if a party has been convicted and punished in the County Court upon an indictment for an affray, he cannot be tried again in the [Superior Court'upon an indictment for an assault and battery relating to the same transaction. So in
 
 State
 
 v.
 
 Ingles,
 
 2 Hay., (p. 148 of the 2d ed.) it is said that a former conviction of another offence of a different denomination, but grounded on the same facts as those relied on in the second indictment,*is a bar. See also
 
 State
 
 v.
 
 Commissioners of Fayetteville,
 
 2 Mur. 371.
 

 In the case before us the assault and battery charged in the bill was undoubtedly relevant tojprove the participation of the defendant in the riot allegedjjn the former indictment. The bill of exceptions shows thatjitywas in fact proved on the trial for riot, and for any thing that we know, it may have been the cause of the defendant’s conviction on that trial. To sustain an indictment for the same act, though charged as a different offence, would be therefore to punish the defendant twice for the same criminal act, which cannot be allowed.
 

 The judgment must be reversed and a
 
 venire de novo
 
 awarded.
 

 Per Curiam.
 
 Venire de novo.