STATE v. MALCOLM ALIAS MAKE SMITH.

(Filed 8 December, 1915.)

**1. Homicide—Nol. Pros. With Leave—Capias.**

Where a *nol. pros.* with leave is entered for one indicted of a homicide, who is thereupon and before the trial of the action discharged from the prison without being required to give bond or recognizance, the accused may thereafter be arrested under the capias issued on the bill of indictment; and the solicitor may elect to try him for murder in the second degree, instead of the greater offense charged.

**2. Criminal Law—Pleas—Former Jeopardy—Not Guilty.**

The plea of not guilty of the criminal offense charged and of former jeopardy may be relied on as a defense in the same action.

**3. Homicide—Nol. Pros. With Leave—Former Jeopardy—Impaneling Jury—Issues.**

Where a *nol. pros.* with leave is entered as to one charged with homicide, to which he has pleaded not guilty, and he is again arrested upon a

capias and held to trial for the offense charged, and it appears that no jury has theretofore been impaneled to try him, his plea of former acquittal is untenable, for no jeopardy attaches until a jury has been impaneled, and under such circumstances there is nothing issuable for the jury.

**4. Homicide—Pleas—Former Jeopardy—Burden of Proof.**
The burden of proof is on the defendant accused of homicide to show former acquittal when this is relied on by him as a defense.

**5. Homicide—Evidence—Testimony of One of Two Accused.**
Where two persons are accused of the same homicide, one confesses and a *nol. pros.* with leave is entered as to the other, who is afterwards brought to trial, the unsupported evidence of the one who had confessed is sufficient to sustain a judgment of conviction of the other.

**6. Same—Instructions—Party Interested—Caution to the Jury.**
Where one of two persons accused of a homicide has confessed and testifies against the other at a subsequent trial, while serving his sentence, objection to the charge of the court is untenable that he failed to caution the jury as to the credence to be given testimony of this character, when it appears from his charge that he instructed them particularly that in passing on the evidence of that witness they must consider the interest he had in the matter of getting a pardon or a reduction of his sentence in case a conviction was had.

APPEAL by defendant from *Lane, J.*, at July Term, 1915, of MONTGOMERY.

Indictment for murder. The defendant was convicted of murder in the second degree and sentenced to the penitentiary, and from the judgment appeals.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*W. A. Cochran for defendant.*

BROWN, J. The defendant Malcolm Smith and one Charles Smith were indicted on separate bills of indictment, and also on a joint bill, at January Term, 1907, for the murder of one Milton Bunnell. This defendant, at July Term, 1915, was found guilty of murder in the second degree, and sentenced to a term of eighteen years in the State Prison.

At January Term, 1907, this defendant was arraigned, and entered a plea of not guilty. At that term of court his codefendant, Charles Smith, was placed on trial and found guilty of murder in the second degree for the killing of Milton Bunnell, and was sentenced to a term of thirty years in the State Prison. At the following September term a *nol. pros.*, with leave, was entered as to the defendant Malcolm Smith, who was then discharged from prison without being required to give any bond or recognizance.

In January, 1915, this defendant was arrested under capias issued on the bill of indictment returned at January Term, 1907, and at July

Term, 1915, was placed on trial charged with the murder of Milton Bunnell. The solicitor, as he had a right to do, elected to try him for murder in the second degree.

The testimony of Charles Smith, who had been previously convicted, was offered by the State, and this testimony was corroborated by the testimony of Frank Page. It is sufficient to say that this testimony tended to prove that this defendant, Malcolm Smith, instigated his son, Charles Smith, to commit the murder.

At the commencement of the trial, and in apt time, counsel for defendant offered a plea in abatement, and moved the court to dismiss the prosecution for the reason that the defendant had formerly been placed in jeopardy upon the bills for indictment returned by the grand jury at January Term, 1907. This motion was overruled by the court.

It appears from the record that at January Term, 1907, this defendant was arraigned and pleaded not guilty, and that at the following September term a *nol. pros.,* with leave, was entered and the defendant discharged without bail. Charles Smith was placed on trial and convicted at January Term, 1907, but the record nowhere shows that any proceedings were taken or trial had as to this defendant after his plea of not guilty until the September Term, 1907, when the *nol. pros.,* with leave, was entered. It nowhere appears that a jury was at any time sworn and impaneled to try him.

The defendant excepts because the trial judge overruled his plea in abatement and did not submit an issue to the jury upon the plea of former jeopardy. It is true that this plea may be tried in connection with the plea of not guilty. *S. v. Elsworth,* 131 N. C., 773. The defendant, however, tendered no such issue, and did not ask that any such issue be submitted to the jury, or tender any evidence in support of it. The burden rests upon the defendant to sustain his plea of former acquittal. *S. v. White,* 146 N. C., 608.

It would have been futile, however, to have submitted any such issue, as the record shows conclusively that this defendant was never in jeopardy. The great weight of authority is to the effect that jeopardy does not arise until after the jury is duly impaneled and sworn to make due deliverance in the case, and that when this is done jeopardy attaches. Wharton's Criminal Law (11 Ed.), vol. 1, 517; 12 Cyc., 261.

There was no acquittal, for a *nol. pros.* in criminal proceedings does not amount to an acquittal, and the defendant may be arrested again upon the same bill and put to trial. *S. v. Thornton,* 35 N. C., 256; 12 Cyc., 268.

The contention of the defendant that the testimony of Charles Smith was not sufficiently corroborated cannot be sustained. It is well settled that in this State the uncorroborated evidence of an accomplice is sufficient to convict, if believed by the jury. In this case the evidence of

Charles Smith was corroborated to a certain extent by the declarations he made to Frank Page.

The objection of the defendant that the court failed to caution the jury as to the interest the witness Charles Smith had in the matter is not sustained by a reading of the charge, for the court particularly instructed the jury that in passing on the evidence of that witness they must take into consideration the interest he had in the matter of getting a pardon or a reduction of his sentence in the event he caused the conviction of his father. We think his Honor's charge in this respect was all that defendant had a right to expect.

Upon a review of the whole record, we find

No error.