STATE v. E. L. KING.

(Filed 16 May, 1928.)

**1. Criminal Law—Appeal and Error—Necessity for Assignment of Error.**

A statement appearing after the signature of the judge to his settlement of a criminal case on appeal that defendant excepts to the failure of the judge to charge the jury on the law of former jeopardy, without assignments of error in this respect, is alone insufficient, under the rules, to present the matter to the Supreme Court. Rule 21.

**2. Criminal Law—Former Jeopardy—Issue Thereon Must Be Submitted by Defendant—Burden of Proving Plea.**

The burden of the proof of former jeopardy in a criminal action is upon the defendant, and for it to be considered on appeal it must appear that he had aptly submitted, or offered to submit, an issue thereon.

**3. Larceny—Evidence—Sufficiency Thereof—Nonsuit.**

Under counts in an indictment charging the defendant with feloniously stealing, taking, and carrying away articles of merchandise from a storehouse and with receiving stolen goods, etc., evidence is sufficient to re-

sist his motion as of nonsuit which tends to show that some of the identified merchandise was found in a woods near a public road, and that the defendant and two others went to the place in an automobile, and that the defendant waited in the automobile while the two others brought the merchandise from its place of concealment to the automobile.

APPEAL by defendant from *Schenck, J.*, at October Term, 1927, of LINCOLN. No error.

Indictment containing three counts charging that defendant (1) did wilfully, unlawfully and feloniously break and enter into a storehouse in Lincoln County, owned and occupied by I. C. Lowe, with intent to steal, take and carry away certain articles of merchandise, the property of the said I. C. Lowe; (2) did feloniously steal, take and carry away said articles of merchandise, and (3) did feloniously receive said articles of merchandise, knowing the same to have been theretofore feloniously stolen, taken and carried away from the storehouse of the said I. C. Lowe.

At the close of all the evidence, defendant's motion for judgment as of nonsuit upon the first count in the indictment was allowed.

From judgment upon the verdict that defendant is guilty as charged in the second and third counts in the indictment, defendant appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Carswell & Ervin for defendant.*

CONNOR, J. The case on appeal in this action, as settled by the judge, upon disagreement of the solicitor for the State and counsel for defendant, with respect thereto, contains the following statement:

"The defendant in apt time enters a plea of former jeopardy as to the counts charging the defendant with receiving stolen goods, and with stealing."

At the close of the case on appeal, as signed by the judge, and beneath his signature, is the following entry:

"Defendant excepts to the failure of the judge to charge the jury about the law on former jeopardy."

There is no assignment of error on defendant's appeal to this Court based upon said alleged exception. All exceptions appearing in the case on appeal as settled by the judge are grouped and separately numbered immediately after the signature to the case on appeal as required by Rule 19, section 3. No reference is made in the assignments of error to an exception with respect to the plea of former jeopardy. The con-

tention that there was error in the failure of the judge to charge the jury as to the law applicable to a plea of former jeopardy cannot, therefore, be considered upon defendant's appeal to this Court, although said contention is relied upon and discussed in the brief filed for defendant. Rule 21.

However, had the exception been properly taken and presented to this Court, on defendant's appeal, it would not have availed him. Defendant neither tendered an issue upon his plea of former jeopardy, nor requested the court to submit such issue to the jury. The burden was upon defendant to sustain his plea, and upon his failure to tender an issue, or to request the court to submit an issue, involving his plea of former jeopardy, to the jury, the court properly disregarded the plea. Defendant, although he had entered a plea of former jeopardy in apt time, upon his failure to tender or request the court to submit an issue arising on such plea, is deemed to have abandoned it, and to have relied solely upon his plea of not guilty. *S. v. Smith,* 170 N. C., 742; *S. v. White,* 146 N. C., 608.

Defendant relies chiefly upon his assignment of error based upon his exception to the refusal of the court to allow his motion, at the close of all the evidence, for judgment as of nonsuit, upon the second and third counts. Judgment of nonsuit was rendered, upon defendant's motion, upon the first count.

The evidence on behalf of the State tended to show that the storehouse of I. C. Lowe in Lincoln County was broken into and entered on a Sunday night in October, 1926, and that certain articles of merchandise were stolen therefrom. On Monday, the next day, articles of merchandise, similar to those stolen, some of which were identified as the same as those which were stolen from said storehouse, were found in Gaston County. This merchandise was hidden in the woods, some distance from the public road. On Tuesday, defendant with two other men came to the place where the merchandise was hidden, in an automobile driven by defendant. The other two men went into the woods, got the merchandise and took it toward the automobile where defendant was waiting for them. All three men were then arrested by officers who had seen them drive up in the automobile, and had seen the companions of defendant go into the woods, and get the merchandise which was hidden there and take it toward the automobile. This evidence was properly submitted to the jury as tending to sustain the second and third counts in the indictment. There was no error in the refusal of the court to allow defendant's motion for judgment as of nonsuit.

Assignments of error based upon exceptions to the rulings of the court with respect to the admission of evidence, offered by the State, over de-

fendant's objections, cannot be sustained. Nor do we find error in the instructions of the court to the jury as contended by defendant. Upon a careful examination of all defendant's assignments of error, we find none that can be sustained. The judgment is affirmed.

No error.