Criminal prosecution, tried upon indictment charging the defendant with the murder of one Louise Roberson.
The defendant entered pleas of not guilty and of former jeopardy, or former acquittal.
The facts with respect to the defendant's plea of former jeopardy or former acquittal are not in dispute. On a prior day of the same term of court the defendant was tried upon an indictment charging him with feloniously setting fire to and burning a dwelling-house on the night of 24 January, 1934, the property of one M.H. Whichard, occupied at the time by Cora Roberson and her three children, including her infant daughter, Louise Roberson. The jury returned a verdict of not guilty.
In the present case, the defendant is charged with the murder of Louise Roberson on the night of 24 January, 1934. The evidence offered on the hearing was the same as that adduced at the trial of the defendant on the charge of arson, except that the evidence of the fatal burning of Louise Roberson was incidental on the charge of arson, whereas it constitutes an essential element in the indictment for murder. But the evidence as to what the defendant did was the same on both trials.
Upon this phase of the matter, the court instructed the jury as follows: "Gentlemen, the arson case in which the defendant was acquitted and the case you are now trying upon the charge of murder embrace two different offenses, and the fact the defendant was acquitted on the charge of arson has no bearing upon the guilt or innocence of the defendant in this indictment for murder which we are now trying." Exception.
Verdict: Guilty of murder in the second degree.
Judgment: Imprisonment in the State's prison at hard labor for a term of thirty years.
Defendant appeals, assigning errors.
after stating the case: The case is controlled by the decision in S. v.Bell, 205 N.C. 225, 171 S.E. 50. There was error in withholding from the jury's consideration the defendant's plea of former jeopardy or former acquittal. S. v. King, 195 N.C. 621, 143 S.E. 140; S. v. Ellsworth,131 N.C. 773, 42 S.E. 699.
The decision in Bell's case, supra, evidently was not called to the attention of the learned judge who presided at the trial. *Page 278 
It is not according to the usual course and practice of the courts that one charged with crime should be tried over and over to secure a conviction, even though in some instances the guilty may thus escape punishment, for it is better that the guilty few escape than the many innocent be annoyed and harassed by repeated prosecutions over the same matter. S. v. Bell, supra, and cases there cited.
New trial.