This is a case in which the defendants Ralph Dills and Luther E. Osborne were tried in the Superior Court of Guilford County at the December Criminal Term, 1935, on a charge of robbery with firearms. At a prior term in the same county they had been tried upon the charge of murder in the first degree, the State contending that they killed William Davis while in an effort to perpetrate a robbery. Of this charge they were acquitted. This case was tried before his Honor, J. Will Pless, Jr., judge presiding.
Upon the calling of the case for trial the defendants, and each of them, through their counsel, entered a plea of former jeopardy and refused to plead to the bill of indictment until the plea of former jeopardy was determined. Thereupon, the court held that the plea constituted a refusal to plead to the bill of indictment and, therefore, was a plea of "Not guilty."
The court further held that under the general plea of "Not guilty" interposed by the court, the defendants, and each of them, are entitled to submit such evidence as may be pertinent upon the question of former jeopardy as well as to the charges contained in the above indictment.
To this ruling of the court the defendants excepted, and this is the defendants' first exception.
After a conference between the solicitor for the State, counsel for the defendants, and his Honor, the following proceedings were held:
"Upon the issue of former jeopardy submitted to the jury, the jury finds the following facts and returns same as its special verdict:
"That the defendants were indicted by the grand jury of Guilford County for the murder of William Davis on 13 October, 1934, and were tried upon the bill of indictment, which said bill of indictment is incorporated as part of this special verdict by reference and made a part of this special verdict by reference and made a part hereof. (See copy of same attached here.) That said trial took place in the Superior Court of Guilford County, in October, 1935, at which time the jury rendered a verdict of `Not guilty.'
"That at the said trial the State offered evidence tending to show that the defendants were together on the night of 13 October, 1934, and *Page 180 
that in the attempted robbery of William Davis and his father, Ed Davis, killed the former with a pistol or some other deadly weapon, by striking the said William Davis over the head with the pistol or some other deadly weapon, causing his death from the said blow; and that at the said time and place the defendants assaulted Ed Davis, by striking him several blows with a shotgun, and took from the person of Ed Davis the sum of three hundred and ninety-one ($391.00) dollars in money, and from the person of William Davis the sum of six ($6.00) dollars in money.
"That in the said trial Ed Davis appeared as a witness for the State, and testified that a man looking exactly like the defendant Luther E. Osborne, and a man looking exactly like the defendant Ralph Dills, were the two persons who had robbed him and had robbed and killed his son.
"That Hon. F. Donald Phillips, judge presiding, charged the jury in effect that if they found that the defendants were at the scene of the alleged robbery and killing, as a result of an agreement or conspiracy theretofore made, or if they found that either of the defendants killed William Davis in the attempted robbery and the other was present, aiding and abetting, that they would render a verdict of `Guilty of murder in the first degree'; and, otherwise, they would render a verdict of `Not guilty.'
"That the said jury, after considering the evidence of the said Ed Davis, and of other witnesses tending to corroborate him, and upon the charge of the court, as above outlined, rendered a verdict of `Not guilty.'
"That following the trial and acquittal of the defendants Luther E. Osborne and Ralph Dills, as above set forth, the court ordered the defendants Ralph Dills and Luther E. Osborne held to be dealt with on a charge of robbery with firearms under the statute as to Ed Davis, the same being section 4267 of Consolidated Statutes of North Carolina. That in obedience to said order said defendants were so held, and the solicitor for the State, subsequent thereto, prepared a bill of indictment charging said defendants with the crime of robbery with firearms. That the grand jury returned a true bill upon said charge, which said bill is hereto referred to and is part of the record in this case, and made a part hereto (copy of said bill is attached hereto) the same as if specifically set out herein.
"That at the regular term of Superior Court of Guilford County for the trial of criminal cases, held on 16 December, 1935, said case was set for trial on Wednesday, 18 December. That said case was called for trial upon the bill of indictment referred to. That upon being called upon to plead, the defendants, and each of them, through their counsel, entered a plea of former jeopardy, and refused to plead to the bill of indictment in other terms until that plea be disposed of. That the court *Page 181 
declined to have said plea determined first, and again requested the defendants to plead to the bill of indictment in the light of said holding, which the defendants refused to do. Thereupon, the court held that the said plea was tantamount to a general plea of `Not guilty,' and that under the holding of the court the defendants were entitled to contest the question of their guilt upon the merits of the case, and also to offer such testimony as may be competent upon their plea of former jeopardy. To said rulings the defendants in apt time excepted. Thereupon, the jury was selected, sworn, and impaneled, and the following evidence offered, to wit:
"The State offered evidence tending to show that on the night of 13 October, 1934, as William Davis was driving homeward, accompanied by his father, Ed Davis, and at a point approximately five miles south of Greensboro the car was forced towards the ditch and made to stop by the occupants of a Ford roadster.
"That, after being stopped, one of the men in the Ford car, and whose face was partially concealed with a handkerchief or other means, drew a shotgun upon the said Ed Davis, and at the same time another occupant of the Ford car came to the scene carrying a pistol; that both Ed Davis and William Davis were stricken by the two men above referred to and were robbed, the said Ed Davis being robbed of approximately $391.00 and the said William Davis of $6.00.
"That in the perpetration of said robbery, Ed Davis received a blow on the head requiring sixteen stitches, and that the said William Davis received a blow at the back of his head which later caused his death. That Ed Davis identified the defendant Luther E. Osborne as being the man with the shotgun at the scene of said robbery and the person who actually took his pocketbooks containing his money from his pockets as he was lying on the ground after being stricken. That he further stated that the defendant Ralph Dills looked exactly like the man carrying the pistol and who accompanied and assisted the man he identified as Osborne in the said robbery and murder.
"The foregoing testimony was used by the State in the trial of the case against the defendants Luther E. Osborne and Ralph Dills, in which they were charged with the murder of William Davis on the night of 13 October, 1934, it being at the same time and place referred to in the testimony of the witness in this case, with other testimony of like character; which said evidence the defendants in this case introduced to sustain their plea of former jeopardy.
"That the bill of indictment upon which the defendants were tried for murder did not charge an assault or attempted robbery upon the person of Ed Davis, nor did it otherwise refer to him except that his name was listed as a State's witness. That said bill of indictment was a valid bill *Page 182 
of indictment, that the defendants were tried before a competent jury, duly impaneled and sworn to make true deliverance of the case in a court of competent jurisdiction, and the defendants were acquitted. That judgment was entered on the verdict of acquittal, which judgment still remains in full force and effect and has not been reversed or made void.
"We find the foregoing facts, and if on such facts the court is of the opinion that the defendants have heretofore been placed in jeopardy on the charge contained in the bill of indictment, then we, the jury, answer the issue submitted to us `Yes'; and if the court be of the opinion that the defendants have not heretofore been placed in former jeopardy, then we answer the said issue `No.'"
The following issue was submitted to the jury: "Have the defendants Ralph Dills and Luther E. Osborne heretofore been placed in jeopardy on the charge contained in the bill of indictment?"
Upon the return of the jury it pronounced that it had arrived at a verdict, and that upon the general plea of guilt or innocence, it found that the defendants were guilty as charged in the bill of indictment. Upon the plea of former jeopardy the jury returned as its answer the facts as set out in the special verdict.
Upon the facts being found by the jury as set out in the special verdict, the court gave as its opinion, and so held, that the defendants had not heretofore been placed in jeopardy on the charge contained in the bill of indictment, and thereupon, under the authority contained in the special verdict, answered the issue "No."
To the ruling of the court that the facts found by the jury as incorporated in the special verdict did not sustain the plea of former jeopardy, the defendants in apt time objected and excepted, the defendants contending as a matter of law that the issue should be answered "Yes" and the defendants found "Not guilty" and discharged, and this is the defendants' second exception.
Thereupon the court pronounced judgment upon the verdict sentencing each defendant to twenty (20) years in the State's Prison, to be worked under the supervision of the State Highway and Public Works Commission. To the judgment each defendant excepted, and this is defendants' third exception.
"STATE OF NORTH CAROLINA — GUILFORD COUNTY. Superior Court, October Term, 1934.
"The jurors for the State upon their oath do present, that Ralph Dills, Luther E. Osborne, Paul Sams, Robert Smith, Reuben Varner, late of Guilford County, on 13 October, A.D. 1934, with force and arms, at and in the said county, feloniously, willfully, premeditatedly, and *Page 183 
deliberately, and of his malice aforethought, did kill and murder William Davis, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State.
H. L. KOONTZ, Solicitor."
"STATE OF NORTH CAROLINA — GUILFORD COUNTY. Superior Court, November Term, A.D. 1935.
"The jurors for the State upon their oath present, That Ralph Dills and Luther E. Osborne, late of the county of Guilford, on 13 October, in the year of our Lord one thousand nine hundred and thirty-four, with force and arms, at and in the county aforesaid, unlawfully, willfully, and feloniously having in possession or with the use or threatened use of certain firearms or other dangerous weapon, implement, or means, to wit: A shotgun, the life of Ed Davis was endangered or threatened, did unlawfully take or attempt to take the personal property, to wit: Good and lawful money of the value of $391.83, from Ed Davis or from the place of business, residence, or other place where the said Ed Davis was in attendance, against the form of the statute in such case made and provided against the peace and dignity of the State.
H. L. KOONTZ, Solicitor."
The defendants made the following exceptions and assignments of error and appealed to the Supreme Court: "(1) To the ruling of the court that the question as to former jeopardy of the defendants should not be determined prior to, and in a separate inquiry, the determination of the question of general guilt or innocence of the defendants. (2) To the ruling of the court that the facts found by the jury as incorporated in the special verdict did not sustain a plea of former jeopardy, and answering the issue `No.' (3) To the judgment of the court sentencing the defendants."
The main contention of defendants is their plea of former jeopardy. The first bill of indictment upon which defendants were tried and acquitted was for the homicide of William Davis, on 13 October, 1934, and drawn in conformity with N.C. Code, 1935, sec. 4614. The second bill of indictment upon which defendants were tried and convicted was for the robbery with firearms from Ed Davis, and drawn in *Page 184 
conformity with N.C. Code, 1935 (Michie), sec. 4267 (a), which is as follows: "Any person or persons who, having in possession or with the use or threatened use of any firearms or other dangerous weapon, implement, or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another or from any place of business, residence, or banking institution or any other place where there is a person or persons in attendance, at any time, either day or night, or who aids or abets any such person or persons in the commission of such crime, shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than five or not more than thirty years."
The two crimes are separate and distinct: (1) For the homicide of William Davis, (2) for robbery with firearms from Ed Davis, under the statute. There is no identity of offenses.
The defendants do not challenge the verdict of guilty under sec. 4267 (a), on which the defendants were convicted and sentenced, but rely for an acquittal on the ground of the plea of former jeopardy. The defendants further contend that the court below committed error in refusing to permit the defendants to have their plea of former jeopardy first determined and passed upon before requiring them to proceed with the trial of the action upon its merits. We do not think that the exceptions and assignments of error on either contention can be sustained.
In S. v. Cale, 150 N.C. 805 (807), we find: "According to the strict rules of criminal procedure, the pleas of `not guilty' and `former conviction' could not be entertained and determined before one and the same jury; and it is further recognized and established that, on a plea of former conviction, when material questions of fact are involved in the issue, as in the case of dispute as to the identity of the parties, the determination of such plea is for the jury. But, as shown in a learned opinion by the present Chief Justice, in S. v. Ellsworth, 131 N.C. 773, the plea of former conviction is not treated in many respects as one involving the substantial question of guilt or innocence of defendant, but as one approaching more nearly the determination of a civil issue, and by consent it may be entertained and determined at the same time with a plea of not guilty, and, when so agreed upon, may be heard and decided by the court. There was no error, therefore, in the method by which the case has been determined," citing authorities. S. v. Ellis, 200 N.C. 77 (80).
We see no prejudicial error in this record in determining the plea of former jeopardy under the plea of "Not guilty" before the same jury. The matter was one of procedure and, under our liberal practice, was in the sound discretion of the court below, and cannot be held as prejudicial error. *Page 185 
In Vol. 1 (12th Ed.), Wharton's Criminal Law, pp. 537-8, part of sec. 394, it is declared: "Same act may constitute two or more offenses which are distinct from each other. In such cases the accused may be separately prosecuted and punished for each, and a conviction or acquittal in a prosecution for the one will not constitute a bar to a trial for the other. Thus, where two or more are assaulted, robbed, or their goods stolen, or are shot or murdered by one and the same act and at the same time, conviction or acquittal on an indictment for offense against the one will be no bar to a trial on an indictment charging the offense against the other."
In Miller on Criminal Law (Handbook Series), p. 543, part sec. 187, it is said: "Where the same act constitutes distinct offenses, neither an acquittal nor a conviction for one offense will bar a subsequent prosecution for the other." S. v. Nash, 86 N.C. 650; S. v. Gibson,170 N.C. 697 (700).
The defendants rely on S. v. Bell, 205 N.C. 225, and S. v. Clemmons,207 N.C. 276, which we think distinguishable from the present action.
For the reasons given, we find in the judgment of the court below
No error.