STATE v. SHERWOOD BAREFOOT.

(Filed 23 March, 1955.)

**1. Rape § 18—**

　The evidence in this prosecution for carnal knowledge of a female over 12 and under 16 years of age *held* sufficient to take the case to the jury, and the court's refusal to direct a verdict of not guilty is without error.

**2. Rape §§ 1, 15—**

　The offenses of rape of a female over 12 years of age and carnal knowledge of a female over 12 and under 16 years of age are separate and distinct. In the first, the female's chastity is immaterial and her consent is a

complete defense; in the second, her former chastity is a material part of the charge and her consent is not a defense.

**3. Criminal Law § 21—**

A prosecution for rape of a female over 12 years of age will not bar a subsequent prosecution for carnal knowledge of a female over 12 and under 16 years of age.

**4. Same—**

The test of former jeopardy is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense.

**5. Same—**

If evidence in support of the facts alleged in the second indictment would be sufficient to sustain a conviction under the first indictment, jeopardy attaches, otherwise it does not.

**6. Criminal Law § 26—**

Where it is apparent from the two indictments that the facts alleged in the second bill, if offered as evidence in the first prosecution, are insufficient to sustain a conviction under the first, defendant's plea of former acquittal in the second prosecution is properly overruled as a matter of law.

**7. Criminal Law § 50f—**

The solicitor and counsel have the right to argue every phase of the case supported by the evidence without fear or favor and to deduce from the evidence offered all reasonable inferences which flow therefrom, and wide latitude must be allowed in the argument of hotly contested cases.

**8. Same—**

The evidence in this prosecution for carnal knowledge of a female child over 12 and under 16 years of age tended to show that defendant persisted in his efforts to have intercourse with prosecutrix and finally pulled her from the front to the back seat of the car. *Held:* Argument of the solicitor to the effect that they were not dealing with an ordinary boy of 18, but that while defendant was undeveloped in size he was overdeveloped in passion, was warranted by the evidence.

**9. Criminal Law § 78g—**

An agreement between the solicitor and defense counsel that objection to the solicitor's argument might be shown at the end of every sentence on the reporter's transcript is disapproved since such agreement could not relieve the trial court of his duty at all times to see that the argument remain within proper bounds, and counsel should make timely objections to the court, and the court should pass on the objections as they arise.

**10. Criminal Law § 50f—**

While the solicitor may not comment on defendant's failure to testify, comment in this case upon the demeanor of the defendant in the courtroom, when reasonably interpreted, *held* not to amount to comment upon such failure.

STATE *v.* BAREFOOT.

**11. Same—**

Control of the argument of the solicitor and counsel must be left largely to the discretion of the trial court, and it is only in extreme cases of abuse when the trial court does not intervene or correct an impropriety that a new trial may be allowed on appeal.

BARNHILL, C. J., took no part in the consideration or decision of this case. BOBBITT, J., concurring.

APPEAL by defendant from *Morris, J.,* January 1955 Term Superior Court, HARNETT.

Criminal prosecution tried upon the following bill of indictment:

"The Jurors for the State upon their oath present, That Sherwood Barefoot, late of the County of Harnett on the 29th day of November in the year of our Lord one thousand nine hundred and fifty-three, with force and arms, at and in the County aforesaid, unlawfully, willfully, and feloniously did carnally know and abuse one Ruthlene McLamb, a female child under the age of sixteen years of age and over the age of twelve years who had never before had sexual intercourse with any person against the form of the statute in such case made and provided and against the peace and dignity of the State."

When the case was called for trial at the January 1955 Term, Harnett Superior Court, before pleading to the bill of indictment, the defendant entered a plea of former jeopardy and tendered the following issue, requesting that it be submitted to the jury:

"Has the defendant been formerly acquitted of the offense with which he now stands charged?"

On the plea of former jeopardy the defendant offered in evidence the following:

1. The bill of indictment returned at January 1954 Term Superior Court, Harnett County, as follows:

"The Jurors for the State upon their oath present, That Sherwood Barefoot, in Harnett County, on or about the 29th day of November 1953, with force and arms, at and in the County aforesaid, did, unlawfully, wilfully, and feloniously ravish and carnally know Ruthlene McLamb, a female, by force and against her will, against the form of the statute in such case made and provided and against the peace and dignity of the State."

2. Minute Docket 16, page 425, Office Clerk Superior Court, showing the verdict of not guilty at the trial in January, 1954.

3. The charge of Judge Joseph Parker at the January 1954 Term Superior Court in the case of State *v.* Sherwood Barefoot.

4. The bill of indictment returned at the January 1955 Term, to which he is now called to plead.

Upon the records offered, the court ruled: "The matter becomes a question of law for me to determine. . . . I rule that legally the bill of indictment in the first case did not include the charge upon which the State proposed to try the defendant in the present case and that your plea of former acquittal does not avail you."

The defendant excepted. The defendant called the prosecuting witness to be heard on the plea of former jeopardy. The court declined to hear the witness and ordered the trial to proceed on the merits. The defendant excepted.

The State called as a witness Ruthlene McLamb, who testified in substance that on 29 November, 1953, she was 15 years of age; that she weighed 120 pounds. On that day she left home about six o'clock in the evening in company with her sister, also a sister of the defendant and James Corbitt Barefoot, with whom she had had regular dates for some time. When James Corbitt Barefoot parked the car in which the witness and the others were riding at the truck terminal near Benson, the defendant drove up in his car. He asked the witness to accompany him to the home of a Miss Allen. The witness asked James Corbitt Barefoot if he cared if she went with the defendant and after James Corbitt said she could do as she pleased, she got in the car with the defendant, who drove some distance on a dirt road, turned off on a path and stopped. The defendant made advances, all of which she repelled as best she could; that she cried and fought until she became weak and exhausted, but that finally the defendant pulled the witness from the front seat of the car into the back seat, where he had sexual intercourse with her by force and against her will; that prior thereto she had never had sexual intercourse with any person. Upon returning with the defendant to the truck terminal, she told James Corbitt Barefoot what had happened. She also told her younger sister, and on the following day, Monday, she told a friend at school. On Tuesday, she told her mother. The witness accompanied her mother to the office of Dr. Stanfield, who did not make an examination until Thursday. The doctor testified that he found evidence of penetration and a bruise on the girl's hip. On cross-examination, he testified that from a medical standpoint it was impossible to tell whether the prosecuting witness had been of previous chaste character. Other evidence was offered, tending to corroborate in part the evidence of Ruthlene McLamb, and a number of witnesses testified to her good character. All the witnesses for the State who gave testimony material to the issue were asked if they did not testify to substantially the same facts on the trial for rape in January, 1954, and in each case the answer was, yes.

At the conclusion of the State's evidence the defendant moved for a directed verdict of not guilty. The motion was denied. The defendant offered to place in evidence the charge of Judge Parker in the trial for

rape in the case of State *v.* Sherwood Barefoot at the January 1954 Criminal Term, Harnett Superior Court. Upon objection the evidence was excluded. The defendant again requested the court to submit to the jury the issue of former acquittal. The court declined to submit the issue. To all the foregoing rulings, the defendant in apt time excepted.

The jury returned a verdict of guilty as charged. Motions to set aside the verdict and for a new trial were made and overruled, to which exceptions were taken. Judgment was pronounced that the defendant be committed to the common jail of Harnett County to be assigned to work on the roads under the supervision of the State Highway and Public Works Commission for not less than 18 months and not more than 24 months. The defendant excepted to the judgment, and from it appealed.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Doffermyre & Stewart, by Everette L. Doffermyre, for defendant, appellant.*

HIGGINS, J. During the progress of the trial exceptions to the introduction of evidence and to portions of the judge's charge were taken. These exceptions are not stressed in the brief and are not stated as questions involved in the appeal. Examination of the record discloses they are without merit. The exception based on the court's refusal to direct a verdict of not guilty is also without merit. The evidence was amply sufficient to take the case to the jury.

The defendant's counsel, both in the brief and in the oral argument, contend the plea of former jeopardy should have been sustained and the defendant discharged, or at least that the issue tendered with regard to the plea should have been submitted to the jury, and the court's failure to do so entitles the defendant to a new trial.

The indictment for rape upon which the defendant was tried and acquitted was drawn under G.S. 14-21. The indictment in this case was drawn under G.S. 14-26. The two offenses are separate and distinct. The constituent elements are not identical. If the victim in a prosecution for rape is over 12 years of age, the intercourse must be *by force and against her will.* Her former chastity is immaterial. Her consent is a complete defense. In a prosecution for carnally knowing and abusing a female child over 12 and under 16 years of age, her former chastity is a material part of the charge and must be proved. Her consent is not a defense. The crimes are different. The prosecution for one is not a bar to a prosecution for the other, even though they are related in character and grow out of one transaction. *S. v. Hall,* 214 N.C. 639, 200 S.E. 375. The test is not whether the defendant has already been tried for the same

act, but whether he has been put in jeopardy for the same offense. *S. v. Dills,* 210 N.C. 178, 185 S.E. 677; *S. v. Nash,* 86 N.C. 650; *S. v. Gibson,* 170 N.C. 697, 86 S.E. 774. "To support a plea of former acquittal it is not sufficient that the two prosecutions should grow out of the same transaction, but they must be for the same offense—*the same both in fact and in law."* *S. v. Malpass,* 189 N.C. 349, 127 S.E. 248; *S. v. Taylor,* 133 N.C. 755, 46 S.E. 5; *S. v. Williams,* 94 N.C. 891. "If two statutes are violated even by a single act and each offense requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the one statute." *S. v. Stevens,* 114 N.C. 873, 19 S.E. 861; *S. v. Robinson,* 116 N.C. 1046, 21 S.E. 701. The rationale of the rule seems to be: If the facts alleged in the second indictment, when offered in evidence, would be sufficient to sustain a conviction under the first indictment, jeopardy attaches, otherwise it does not. *S. v. Hicks,* 233 N.C. 511, 64 S.E. 2d 871.

From a comparison of the two indictments it is plain the facts alleged in the second bill, if offered in evidence, are insufficient to sustain a conviction of the charge of rape. It follows the defendant's plea of former acquittal is not good. This result is apparent as a matter of law. When no issues of fact are involved as to the identity of the parties or of the offenses, the question of jeopardy is to be decided by the court. *S. v. Dills, supra; S. v. Cale,* 150 N.C. 805, 63 S.E. 958. The trial judge was correct in so holding. The cases of *S. v. Bell,* 205 N.C. 225, 171 S.E. 50, and *S. v. Clemmons,* 207 N.C. 276, 176 S.E. 760, are factually different and are not applicable.

More difficult of disposition are the questions of law presented in the appeal by the defendant's exceptions to the solicitor's argument. The Office of Solicitor is created by the Constitution of the State. It is an office of great power and grave responsibility. The ideal would be for the office always to be filled by a man of judicial poise and of unruffled disposition. Few can thus qualify. The writer knows from personal experience that prosecutors are human and that they often react quickly and sometimes vigorously to the needling of adroit defense counsel. That the trial of a case in the Superior Court often develops into a spirited contest is recognized by this Court. "Counsel must be allowed wide latitude in the argument of hotly contested cases." *S. v. Bowen,* 230 N.C. 710, 55 S.E. 2d 466. "It is the undoubted right of counsel to argue every phase of the case supported by the evidence without fear or favor, and to deduce from the evidence offered all reasonable inferences which flow therefrom." *Lamborn v. Hollingsworth,* 195 N.C. 350, 142 S.E. 19.

In the argument to the jury, the solicitor said: "In my opinion we are not dealing with an ordinary boy of 18 years of age. While he is under-

STATE *v.* BAREFOOT.

developed in size, he is overdeveloped in passion." Objection to the argument was overruled. We think the statement was within the permissible rule of legitimate argument. The prosecuting witness had detailed in evidence how the defendant persisted in his efforts to have intercourse with her and finally pulled her from the front to the back seat of the car. From the point of view of the State, the evidence seemed to warrant the argument.

After the trial judge had overruled the objection to the foregoing argument, the solicitor made the following proposition, presumably to defense counsel: "If you will permit the reporter to take my entire argument, I will agree to let your objection come at the end of every sentence. Let it be shown by the reporter."

By the court: "You may take the argument."

The agreement did not in any wise relieve the trial judge of his duty, at all times, to see that the argument, both of counsel for the defendant and the solicitor for the State, remained within proper bounds. We do not approve the type of agreement entered into, because counsel should make timely objections to the court, and the court should pass on the objections as they arise. The record shows objections were entered to the following arguments:

"Mr. Doffermyre in his zeal for a guilty client, I expect would object to this trial even being continued and if he had been asked about it he would have objected to the trial being started and if he had been asked further about it he would have said, 'Forget the whole thing and let it go,' but that is not what I am interested in and that is not what you are interested in, I don't believe, as citizens of this County. That is certainly not the purpose for which the criminal courts are held, To Go to Defense Counsel and Ask Him How to Run or What to Do About Crime in This County. He Is Not Interested in Crime. He Is Interested in Preventing the Crime From Coming Out and He Is Here to Prevent Justice Being Done If He Can in So Far as It Affects His Client, and if justice points an accusing finger and takes hold of the shoulder and neck of this man and says, 'You have committed a crime against society,' then, I am sure counsel would object, but thank the Lord the courts of this county are run on a different principle, and the law in this county is in the saddle as long as the people in this county run it and Not Counsel for the Defendant and when the law gets out of the saddle you just as well close up your courthouse and schools and churches, and say, 'Take it over and run rampant over the people and the children of this county.'" . . .

"He said the Solicitor was not satisfied with the verdict in the other case. No, I was not, and won't be satisfied with it from now on, and thank God we had some way to indict and convict this defendant, some

lawful manner and bring him to justice as he ought to be brought to justice, when there sits the child he has ruined and him to sit up here, Mr. Big Man, and walk around the courtroom with that air of irresponsibility, 'let her suffer,' he says; 'let her suffer,' by his conduct and 'get me if you can, catch me if you can.' "

"Try the man who is charged here. The man who has caused all of this. The man who has ruined that child's life, and never again will she be able to raise her head and look the world straight in the face, because she has been carried off down there and debauched and ruined, contrary to her will and desire."

The defendant's objections to the portions of the solicitor's argument above quoted are made upon two grounds: (1) The remarks amount to a comment on the fact the defendant did not go upon the stand to testify; (2) the argument so far transgressed the rules of fair comment and legitimate debate as to amount to a prejudicial invasion of the defendant's rights.

It does not appear that the solicitor's remarks amount to comment upon the defendant's failure to testify. Of course, any comment to that effect would be such error as would require a new trial. However, when reasonably interpreted, the solicitor's remarks do not amount to such comment.

It is rather apparent from the record that the solicitor had been prodded during the progress of the trial and his reaction, as shown by his argument, was rather vigorous. To what extent he was provoked, we do not know, for the record does not disclose the argument of defense counsel. Even though he may, and probably did have considerable provocation, it is regrettable that the State's prosecutor permitted his zeal to carry him quite so far in his argument. But, after all, a conscientious judge heard both sides and refused to intervene. As was said in *S. v. Bowen, supra,* "Counsel must be allowed wide latitude in the argument—but what is an abuse of this privilege must ordinarily be left to the sound discretion of the trial judge 'and we will not review his discretion unless the impropriety of counsel was gross and well calculated to prejudice the jury.' "

In the case of *S. v. Bryan,* 89 N.C. 531, this Court said: "The manner of conducting the argument of counsel, the language employed, the temper and tone allowed, must be left largely to the discretion of the presiding judge. He sees what is done, and hears what is said. He is cognizant of all the surrounding circumstances, and is a better judge of the latitude that ought to be allowed to counsel in the argument of any particular case. It is only in extreme cases of the abuse of the privilege of counsel, and when this is not checked by the court, and the jury is not properly cautioned, this Court can intervene and grant a new trial." (Citing *S. v. Suggs,* 89 N.C. 527; *S. v. Underwood,* 77 N.C. 502.)

In view of the evidence of this case, it is difficult to see how the solicitor's argument could have influenced the verdict. Prejudicial error, therefore, is not disclosed by the record.

No error.

BARNHILL, C. J., took no part in the consideration or decision of this case.

BOBBITT, J., concurring: Where the Solicitor, on the basis of defendant's personal appearance in the courtroom, characterizes defendant in abusive terms, a distinction may be drawn between a case where the defendant testified and a case where he did not testify. Compare, *S. v. Bowen,* 230 N.C. 710, 55 S.E. 2d 466, and *S. v. Tucker,* 190 N.C. 708, 130 S.E. 720. In this case, the defendant offered no evidence.

There is one portion of the Solicitor's argument which, when isolated and subjected to close scrutiny, poses a serious question, viz.:

"(For) him to set up here, Mr. Big Man, and walk around the courtroom with that air of irresponsibility, 'Let her suffer,' he says; 'Let her suffer,' by his conduct, and 'Get me if you can, catch me if you can.'"

When I consider now the quoted statement, I realize that it might convey the idea that the defendant, unwilling to testify as a witness, had declared his attitude more loudly by his courtroom appearance and behavior than by any words he might have uttered.

Even so, I concur in the decision of the court.

Except in death cases, exception to improper remarks of counsel during the argument must be taken before verdict. *S. v. Smith,* 240 N.C. 631, 83 S.E. 2d 656.

The record shows that only one objection was interposed. The remarks to which this objection was addressed, as pointed out in the Court's opinion, had their roots in the evidence and were within the bounds of permissible argument.

After this incident occurred, the Solicitor, presumably to avoid annoyance by further interruptions, stated to defense counsel that the reporter might take his entire argument and the transcript thereof might show an objection at the end of each sentence. The trial judge directed that the reporter take the argument.

The record does not disclose that defendant addressed the court as to any remarks thereafter made by the Solicitor. Having offered no evidence, defense counsel had the last speech to the jury; and it may be that he felt fully capable of answering the Solicitor's argument.

Neither the Solicitor nor the trial judge had authority to set aside by agreement the rules of procedure applicable to the necessity for inter-

posing timely objection to arguments of counsel challenged as improper. If the circumstances were such as to give assurance to defendant's counsel that he need not interrupt the Solicitor *during* his further remarks, it was his duty to call the court's attention to portions thereof deemed improper at the conclusion of the Solicitor's argument. In any event, it was his duty to do so at some time before the trial judge completed his charge and submitted the case to the jury.

Our rule permitting an exception to the court's charge to be entered for the first time when appellant makes out his case on appeal, based upon consideration of "the cold record," should not be extended to permit an appellant to pursue the same course as to an alleged objectionable remark by counsel.