STATE OF NORTH CAROLINA v. BAXTER WILEY

No. 6918SC386

(Filed 17 September 1969)

**1. Criminal Law § 26— denial of plea of former jeopardy — sufficiency of evidence**

In this prosecution for assault on a female, the trial court did not err in overruling defendant's plea of former jeopardy based upon defendant's contention that he had previously been tried and convicted of the same assault on a female charge and that he had served, or was serving, a prison sentence imposed therefor, where the State introduced court records showing that three warrants charging assault on a female had been issued against defendant, that he had been tried, convicted, sentenced and committed on two of the warrants and that the present case is based on the third warrant.

**2. Criminal Law § 26— plea of former jeopardy — burden of proof**

While no person may be twice put in jeopardy for the same offense, the burden is upon defendant to prove his plea of former jeopardy and show that the prior prosecution was for the same offense, both in law and fact.

**3. Criminal Law § 26— plea of former jeopardy — questions for trial court**

Defendant's plea of former jeopardy raises questions of fact and law for the trial judge to determine.

APPEAL by defendant from *May, S.J.*, at the 10 March 1969 Session of GUILFORD Superior Court (High Point Division).

Defendant was tried on a warrant issued 7 July 1964 in the Domestic Relations Court of Guilford County charging defendant with assault on a female, his wife, on 1 July 1964. Defendant was found guilty in said Domestic Relations Court on 14 July 1964 and was given an active prison sentence of eighteen months to begin at expiration of a sentence then being served. He gave notice of appeal to superior court and pending the appeal escaped from custody of the State Prison Department. On 29 January 1968, the State caused a *nolle prosequi* with leave to be entered in the case. Thereafter, the prison department regained custody of defendant and this case was reinstated.

When the case was called for trial in superior court, before pleading to the charge alleged in the warrant, defendant interposed a plea in bar alleging former jeopardy. He contended that he had theretofore been tried and convicted of the same assault on a female charge and that he had served, or was in process of serving, prison sentence imposed therefor.

The court conducted a hearing on the plea in bar and, after considering testimony by the defendant and certain court records, overruled the plea. Defendant pled not guilty to the charge, the jury found him guilty, and from active prison sentence imposed, defendant appealed to this Court.

*Attorney General Robert Morgan, Deputy Attorney General Harrison Lewis and Trial Attorney J. Bruce Morton for the State.*

*Haworth, Riggs, Kuhn & Haworth by William B. Haworth for defendant appellant.*

BRITT, J.

The sole question presented on this appeal is did the trial judge err in overruling defendant's plea in bar. The answer is no.

[1] The only evidence offered by defendant in support of his plea was testimony given by him personally. He testified that he and his wife had considerable trouble in 1964 but that there were only two court cases arising from their difficulties; that he had served or was in process of serving the sentences imposed in both cases. The State contended and introduced court records showing that three warrants charging assault on a female had been issued against the defendant; that he had been tried, convicted, sentenced and committed on two of the warrants and the present case is based on the

third one. The trial judge found facts in accordance with the State's contentions.

**[2, 3]** While no person may be twice put in jeopardy for the same offense, the burden is upon defendant to prove his plea of former jeopardy and show that the prior prosecution was for the same offense, both in law and in fact. 2 Strong, N.C. Index 2d, Criminal Law, § 26, p. 516. Defendant's plea in this case raised a question of fact and law for the trial judge to determine. *State v. Barefoot,* 241 N.C. 650, 86 S.E. 2d 424. The conclusion reached by the court is fully supported by the findings of fact, and it is well settled that the findings of fact by the trial judge are binding upon the appellate courts of this State if supported by evidence. *State v. Wright,* 274 N.C. 380, 163 S.E. 2d 897, and cases therein cited. The findings of fact are fully supported by the evidence.

No error.

BROCK and VAUGHN, JJ., concur.