STATE OF NORTH CAROLINA v. WALTER CANNON, JR.

No. 782SC456

(Filed 17 October 1978)

**Automobiles § 3; Criminal Law § 26.5— conviction of driving without license — trial for driving while license permanently revoked — double jeopardy**

Where defendant entered a plea of guilty to a charge of driving without a license in violation of G.S. 20-7, the State was precluded by the prohibition against double jeopardy from thereafter prosecuting defendant for driving while his license was permanently revoked in violation of G.S. 20-28 based on the same occurrence, since evidence that defendant was driving an automobile while his license was permanently revoked would sustain a conviction for driving without a license.

APPEAL by defendant from order of *Cowper, Judge,* entered 20 April 1978 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 20 September 1978.

On 1 March 1978, defendant was charged with the offense of operating a motor vehicle without being licensed as an operator by the Department of Motor Vehicles, a violation of G.S. 20-7 and a misdemeanor punishable in the discretion of the court. The offense was alleged to have occurred at 6:30 p.m. on Wednesday, 1 March 1978. Defendant executed a waiver of trial and entered a plea of guilty, paying a total of $52 fine and costs. This case is #78CR1688.

On 20 March 1978, the same arresting officer issued a citation to defendant charging him with operating a motor vehicle when his operator's license had been permanently revoked, a violation of G.S. 20-28 punishable by imprisonment for not less than one year. This offense was alleged to have occurred at 6:30 p.m. on 1 March 1978. This case is #78CR2008 and was calendared for trial in the District Court, Beaufort County, on 28 March 1978. When the case was called, defendant moved for dismissal on two grounds: (1) The plea of guilty in case #78CR1688, driving without a license, precluded the State from proceeding in #78CR2008 because of the prohibition against double jeopardy, and (2) the offenses were joinable under G.S. 15A-926, and the statute prohibited the State from proceeding with the second case, #78CR2008.

The District Court entered an order of dismissal, finding as a fact "that the ultimate fact to be determined in each of the cases is whether or not (sic) the defendant had in his possession a valid North Carolina operator's license. The Court further holds that operating a motor vehicle without being licensed as an operator by the Department of Motor Vehicles is a lesser included offense to the more serious charge of G.S. 20-28; that both offenses arose out of the same transaction; and that jeopardy has attached in 78CRS1688 (sic) and the motion to dismiss on the basis of former jeopardy should be allowed."

The court also held that G.S. 15A-926 is not applicable to this situation since the defendant pled guilty to the previous charge.

The State appealed to the Superior Court under the provisions of G.S. 15A-1432(a). After hearing, the court entered an order reciting the above facts and concluding as a matter of law:

> "1) That the criminal offense of operating a motor vehicle upon the highways of the State of North Carolina with no operator's license and the criminal offense of operating a motor vehicle upon the highways of the State of North Carolina while one's operator's license is permanently revoked are mutually exclusive and they are not the same offenses both in fact and in law. Therefore, the State of North Carolina was not precluded from proceeding against the defendant for his operation of a motor vehicle while his operator's license was permanently revoked due to any prohibition against double jeopardy.
>
> 2) North Carolina General Statute 15A-926(c)(3) provides that the right to joinder under this subsection is not applicable when the defendant has pleaded guilty of (sic) no contest to the previous charge."

The court remanded the matter to the District Court for trial. Defendant appealed under the provisions of G.S. 15A-1432(d).

*Attorney General Edmisten, by Assistant Attorney General Mary I. Murrill, for the State.*

*Wilkinson & Vosburgh, by James R. Vosburgh, for defendant appellant.*

MORRIS, Judge.

Defendant does not assign as error the court's conclusion that G.S. 15A-926 has no application here, and properly so. The statute, in subsection (c)(3) specifically provides that "[t]he right to joinder under this subsection is not applicable when the defendant has pleaded guilty or no contest to the previous charge." Defendant does assign as error the court's first conclusion of law. Disposition of this assignment of error presents much more serious problems.

"It is a fundamental and sacred principle of the common law, deeply imbedded in our criminal jurisprudence, that no person can be twice put in jeopardy of life or limb for the same offense. (Citations omitted.)" *State v. Crocker*, 239 N.C. 446, 449, 80 S.E. 2d 243, 245 (1954). The principle is expressly stated in the Constitution of the United States in the Fifth Amendment. (*See also* Fourteenth Amendment.) While it is not expressly set out in the North Carolina Constitution, it is regarded by the courts as an integral part of the "law of the land" as provided by Article I, § 19, thereof. *State v. Partlow*, 272 N.C. 60, 157 S.E. 2d 688 (1967); *State v. Crocker, supra.*

In determining whether jeopardy had attached in the case *sub judice*, it is necessary to apply tests firmly established by the Courts.

First we look at the "lesser degree" rule. "Where the second indictment is for a crime greater in degree than the first, and where both indictments arise out of the same act, ... an acquittal or conviction for the first is a bar to a prosecution for the second." Note, 15 N.C.L. Rev. 53, 55 (1936). In *State v. Bell*, 205 N.C. 225, 171 S.E. 50 (1933), Chief Justice Stacy quoted with approval from *State v. Mowser*, 92 N.J.L. 474, 106 Atl. 416, as follows:

"The principle to be extracted from well-considered cases is that by the term, 'same offense,' is not only meant the same offense as an entity and designated as such by legal name, but also any integral part of such offense which may subject an offender to indictment and punishment. *Reg. ex rel. Thompson v. Walker*, 2 Moody & R., 457; *Reg. v. Stanton*, 5 Cox, C.C., 324.

State v. Cannon

When such integral part of the principal offense is not a distinct affair, but grows out of the same transaction, then an acquittal or conviction of an offender for the lesser offense will bar a prosecution for the greater.

To adopt any other view would tend to destroy the efficacy of the doctrine governing second jeopardy which is embedded in our organic law as a safeguard to the liberties of the citizens." *Id.* at 227, 228.

*See also State v. Midgett,* 214 N.C. 107, 198 S.E. 613 (1938); *State v. Thompson,* 280 N.C. 202, 185 S.E. 2d 666 (1971); *State v. Birckhead,* 256 N.C. 494, 124 S.E. 2d 838 (1962).

The State points out that a violation of G.S. 20-7 is not statutorily a lesser included offense of G.S. 20-28. This is, of course, true. It is also true that G.S. 20-7 is intended to apply where the defendant has either not been issued a license by the Department of Motor Vehicles or has been issued a driving privilege and let it expire without renewal. A person charged with a violation of this statute may absolve himself of liability by exhibiting at the time of trial an expired license and a renewal issued within 30 days of the expiration date of the expired license. However, under G.S. 20-28 the defendant has been issued a license which has been revoked permanently by the State as the result of successive violations of the law by the defendant, the abuse of the privilege having necessitated the permanent revocation. It would seem, therefore, that the two charges here are separate offenses both in fact and in law. Application of principles previously enunciated by the courts, however, requires a different result. We are not willing to say that driving without a license is a lesser degree of the offense of driving while one's license has been permanently revoked. However, we do not regard that as determinative of the question.

The Superior Court held that the two offenses are the same in law and in fact. In order to prevail upon a plea of former jeopardy, it was not enough to show that the two offenses grew out of the same transaction. "[T]hey must be for the same offense; *the same, both in fact and in law.*" *State v. Barefoot,* 241 N.C. 650, 655, 86 S.E. 2d 424, 427 (1955). To determine whether the offenses are the same, both in fact and in law, the Court has applied what is referred to as the "additional facts test." *State v. Birckhead,*

supra. The test was stated in *State v. Stevens,* 114 N.C. 873, 877, 19 S.E. 861 (1894), as follows:

> "A single act may be an offense against two statutes, and if *each* statute requires proof of an additional fact, which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." (Emphasis ours.)

*See State v. Birckhead, supra,* and cases cited therein. The facts of *State v. Robinson,* 116 N.C. 1047, 21 S.E. 701 (1895), are illustrative of the principle. Defendant was charged with carrying a concealed weapon. He entered a plea of "former conviction" upon the premise that he had previously been convicted of assault with a deadly weapon and that the deadly weapon used in the assault was the weapon for the concealment of which he was being tried. Both offenses occurred at the same time. Defendant prevailed, and the State appealed. On appeal, the Court reversed and held that jeopardy had not attached. Each offense was separate and distinct. Although possession of a weapon was common to both offenses, concealment was not necessary to the assault with a deadly weapon charge and assault was not necessary to the concealment charge. The test is bilateral in its application. The two offenses may have one or more circumstances in common, but in order to constitute sufficiently for prosecution *either* of the offenses, some additional circumstance must be added. It is the added circumstance to *each* which makes *each* a separate and distinct offense. *State v. Nash,* 86 N.C. 650 (1882). In the case *sub judice,* the offenses cannot pass the test. Failure to have a license is a common circumstance. However, it is the *only* circumstance in the first charge. An added circumstance in the second charge is the permanent revocation, and the second offense includes and embraces the one element of the first—failure to have a license.

In the extremely well-reasoned and exhaustive opinion by Justice Moore in *State v. Birckhead, supra,* he suggests:

> "For further clarity *Barefoot [State v. Barefoot, supra]* states the corollary to the 'additional facts test' as follows: 'The rationale of the rule seems to be: If the facts alleged in the second indictment, when offered in evidence, would be sufficient to sustain a conviction under the first indictment, jeopardy attaches, otherwise it does not.' This principle is

likewise deeply imbedded in our law and has been consistently applied as complimentary to the 'additional facts test.' The following are a few of the many cases in which this rule has been discussed and applied: *State v. Bell, supra; State v. Freeman,* 162 N.C. 594, 77 S.E. 780; *State v. Hankins,* 136 N.C. 621, 48 S.E. 593; *State v. Williams, supra; State v. Nash, supra; State v. Lindsay,* 61 N.C. 468; *State v. Stanly,* 49 N.C. 290; *State v. Birmingham,* 44 N.C. 120. For convenience, this rule is hereinafter referred to as the 'included offense rule,' and this is merely an enlargement or broader application of the 'lesser degree rule.' " 256 N.C. at 501.

*See also State v. Richardson,* 279 N.C. 621, 185 S.E. 2d 102 (1971) (concurring opinion of Justice Lake). When this rule is applied to the two offenses before us, it is clear that they are the same, both in fact and in law. Obviously, the evidence that defendant was driving an automobile while his license had been permanently revoked would sustain a conviction for driving without a license.

This may seem a harsh result in that, if guilty, the defendant goes free of punishment for a flagrant violation of the law, but the constitutional guarantees applicable to all the people should not be bent to convict one violator who thumbs his nose at the law. We feel compelled to comment that here the officer had available to him means of determining, at the time of the occurrence, whether defendant's license was in a state of permanent revocation.

For the reason stated herein, the plea of former jeopardy should have been sustained. The judgment of the Superior Court is

Reversed.

Judges MITCHELL and ERWIN concur.